Frank STANLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 62,178.

Court of Criminal Appeals of Texas, Panel No. 2.

March 31, 1982.

Rehearing Denied May 5, 1982.

Charles G. White, Plainview, for appellant.

Marvin F. Marshall, Dist. Atty., Plainview, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and McCORMICK, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation, where the jury assessed the punishment at ten (10) years' imprisonment.

In three grounds of error appellant challenges the sufficiency of the evidence to sustain his conviction contending the State failed to prove his entry into the premises was unlawful since he was married to the complaining witness and had not been informed of any temporary injunction enjoining him from entering premises where the complaining witness resided. Three other

grounds of error relate to the court's charge and the court's refusal to give charges pertaining to the marriage of the appellant and the complaining witness.

Omitting the formal parts, the indictment alleged that the appellant on or about May 21, 1978, "did then and there intentionally and knowingly without the effective consent of Carolyn Sue Stanley, the owner thereof, enter a building and said building was then and there a habitation occupied by the said Carolyn Sue Stanley with intent to commit murder, to wit: with intent to then and there intentionally and knowingly cause the death of an individual, Carolyn Sue Stanley, by shooting her with a gun. . . . "

Evidence reveals that the appellant and Carolyn Sue Stanley were married in March, 1977. They separated in April, 1978. She filed for divorce on April 27, 1978 and requested a temporary restraining order. The fiat was signed, but the citation was not executed, and it expired by operation of law. Another fiat was issued on May 9, 1978, and this, along with copies of the divorce papers and a show-cause order, were served upon the appellant by the Sheriff of Swisher County on May 15, 1978. The latter order directed the appellant to appear on May 18, 1978 to show cause why a temporary injunction should not be issued.

The appellant failed to appear on May 18, 1978, and after a hearing, the court entered a temporary injunction ordering the appellant as had the temporary restraining order to refrain from contacting his wife in any manner or from going around her home, place of employment or any place where she may be. It also, as had the temporary restraining order, prohibited the appellant from interfering in any way with his wife's use and possession of the home at 1313 Utica Street in Plainview. There was no showing that notice of such temporary injunction was served upon the appellant.

Carolyn Sue Stanley left the house at 1313 Utica Street in Plainview where she and the appellant resided, and on May 19, 1978, moved to an apartment at 465 Ennis Street with her ten-year-old son by a previous marriage. The apartment was in a facility owned by the Central Plains Mental Health and Mental Retardation Center in Plainview. Mrs. Stanley had been employed as a group home manager. The facility was not open, but Mrs. Stanley moved to prepare for the opening. She considered the apartment to be her habitation. At 8 a. m. on May 21, 1978, after two nights at the apartment, Mrs. Stanley and her son were still in bed. She heard a noise and then a shot and breaking glass. Appellant then entered the apartment through a sliding glass door. He was armed with a revolver. Mrs. Stanley and her son ran to the bathroom and locked the door. Appellant threatened to kill them and tried to force entry. He shot the lock off the bathroom door and thrust the gun through the door. Mrs. Stanley and son held the door against the appellant and she promised to talk to him if he would not kill her son. She left the bathroom and they sat on the beds.

During their discussion appellant stated he was going to kill his wife and himself. He pointed the revolver at her and a struggle ensued for possession of the weapon. Appellant, who had his finger on the trigger, told her it was "going to go off." She had her hand on the barrel, and when the shot was fired, it struck her left thumb. She managed, however, to take the weapon from him. Mrs. Stanley and her son then went to the hospital and later reported the incident to the police.

Carolyn Sue Stanley testified she had been separated from the appellant for three weeks at the time of the alleged offense and that she did not consent to his breaking and entering her new habitation.

Appellant does not appear to dispute the fact that he and his wife had separated, that she had filed for a divorce, that she was living at a different place than where they had previously resided, or that it was a habitation. Further, he does not dispute that he broke and entered the premises with the intent to intentionally and knowingly cause the death of his wife by shooting her with a gun. He does not appear to

contest the fact that she did not consent to his entrance.

What he does argue is that one of the elements of the offense of burglary of a habitation with intent to commit murder is that entry be made without the effective consent of the owner, see V.T.C.A., Penal Code, § 30.02(a), and that "owner" is defined as "a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." See V.T.C.A., Penal Code, § 1.07(a)(24). He contends that since he was married to the person that occupied the premises he entered and since he had not been notified of the temporary injunction prohibiting such entry, he had the right to enter into and dwell in the same habitation as his spouse and to enjoy his conjugal rights. Apparently appellant would argue that his wife could not qualify as an "owner" under the statutory definition having no greater right of possession than he, and even if she was an "owner" there was implied consent because of the marital status.

Appellant cites *Ex parte Davis*, 542 S.W.2d 192 (Tex.Cr.App.1976), noting that this court there wrote in a similar fact situation:

> "The injunction gave Mrs. Davis not only a greater right to possession, it gave her exclusive possession of the residence. All rights to enter the home held by the appellant were negated by the order of the Court."

He notes that in *Davis* this court placed greater weight on the fact that the injunction gave the wife the greater right of possession. He argues he had not been notified of the temporary injunction of the court and by reason of the marital relationship was entitled to enter into the premises occupied by his wife.

■ Putting aside any question of the effect of the temporary injunction, of which appellant had not been notified, we reject under the circumstances, appellant's claim that the marital relationship authorized him to break and enter the premises occupied by his estranged wife. His wife clearly had the greater right of possession and was an "owner." The couple had separated and she had filed for divorce, had moved from the home where she resided with the appellant, and had established another home for herself and her son. She had the right to refuse to consent. There was no implied consent to break and enter merely because of the marital status.

Appellant's three grounds relating to the sufficiency of the evidence are overruled.

Appellant also urges that the court erred in failing to give his requested charge.

> "Effective consent means consent in fact, whether express or apparent, and includes consent by a married person legally authorized to act for the owner. However, a married person has the implied effective consent to enter upon or into the habitation of the other spouse. To establish lack of effective consent in regard to a spouse entering into the habitation of the other spouse, there must also be shown that there was a lawful court order prohibiting such spouse from entering into the habitation of the other spouse, and, that the spouse to whom the court order is directed, had specific notice of the existence of such order."

■ The court charged the jury on "effective consent" in the terms of V.T.C.A., Penal Code, § 1.07(a)(12)(A). Appellant cites no authority supporting the giving of such a charge, and for the reasons set out above, we overrule his contention.

■ Appellant also urges that the court erred in refusing to charge that in determining whether the complaining witness had a greater right of possession than the appellant, the jury not consider whether the appellant and the complaining witness were married and whether he had knowledge of any lawful court order, if any, prohibiting him from entering the premises.

Appellant further contends the court erred in refusing to give a charge to the jury pertaining to the right of a spouse to cohabit and enter into the premises in which the other spouse resides until there

exists a lawful court order prohibiting him from doing same.

We do not conclude that the instructions the appellant would have had the court give are the law. No authority is cited in support of such instructions. We conclude the charge given the jury adequately protected appellant's rights.

The judgment is affirmed.