**Art Lopez ROBLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08-90-00034-CR.**

Court of Appeals of Texas, El Paso.

Jan. 23, 1991.

Michael McLeaish, Odessa, for appellant.

Tracey Bright, Co. Atty., Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a conviction for obstructing a passageway. The jury assessed punishment at a fine of $250.00. We affirm.

In Point of Error No. One, the Appellant asserts the information was fundamentally defective because it failed to negate exceptions and provisos of the offense charged and the information failed to state all the essential elements of the offense or give the Appellant adequate notice of the charge against him. The amended information read, in pertinent part, as follows:

> [D]id then and there, without legal privilege and authority, intentionally, knowingly, and recklessly obstruct an entrance to which the public and a substantial group of the public had access by rendering the entrance impassable and rendering passage inconvenient and hazardous....

Tex.Penal Code Ann. § 42.03 (Vernon 1989) reads:

### Obstructing Highway or Other Passageway

(a) A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly:

(1) obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others; or

(2) disobeys a reasonable request or order to move issued by a person the actor knows to be or is informed is a peace officer, a fireman, or a person with authority to control the use of the premises:

(A) to prevent obstruction of a highway or any of those areas mentioned in Subdivision (1) of this subsection; or

(B) to maintain public safety by dispersing those gathered in dangerous proximity to a fire, riot, or other hazard.

(b) For purposes of this section, "obstruct" means to render impassable or to render passage unreasonably inconvenient or hazardous.

Tex.Penal Code Ann. § 42.04 (Vernon 1989) provides, in pertinent part:

### Defense When Conduct Consists of Speech or Other Expression

(a) If conduct that would otherwise violate Section 42.01(a)(5)(Unreasonable Noise) or 42.03 (Obstructing Passageway) of this code consists of speech or other communication, of gathering with others to hear or observe such speech or communication, or of gathering with others to picket or otherwise express in a nonviolent manner a position on social, economic, political, or religious questions, the actor must be ordered to move, disperse, or otherwise remedy the violation prior to his arrest if he has not yet intentionally harmed the interests of others which those sections seek to protect.

(b) The order required by this section may be given by a peace officer, a fireman, a person with authority to control the use of the premises, or any person directly affected by the violation.

(c) It is a defense to prosecution under Section 42.01(a)(5) or 42.03 of this code:

(1) that in circumstances in which this section requires an order no order was given;

(2) that an order, if given, was manifestly unreasonable in scope; or

(3) that an order, if given, was promptly obeyed.

We note, initially, that the record contains no motion to quash the information for failure to state an offense. Tex.Code Crim.Pro.Ann. art. 1.14(b)(Vernon Supp. 1991) provides that if an accused does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, the right to

object on appeal or in any other postconviction proceeding is waived. *Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App.1990). However, there is authority for the proposition that Article 1.14(b) is not applicable in situations where a charging instrument wholly fails to charge an offense. *Milam v. State*, 742 S.W.2d 810 (Tex.App.—Dallas 1987), *aff'd*, 791 S.W.2d 120 (Tex.Crim.App.1990). As the Appellant states that the information failed to charge an offense, we will address his allegations with regard to that issue.

The Appellant contends that Section 42.04 is an exception to Section 42.03 and should have been pled in the information. If an indictment or information fails to negate an exception to the offense, and such is required, the case law has previously held that the charging instrument, under such circumstances, fails to allege all the elements of the offense and the court does not have jurisdiction of the case. *McElroy v. State*, 720 S.W.2d 490 (Tex.Crim.App. 1986). Tex.Penal Code Ann. § 2.02 (Vernon 1974) provides:

> (a) An exception to an offense in this code is so labeled by the phrase: "It is an exception to the application of...."
>
> (b) The prosecuting attorney must negate the existence of an exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception.
>
> (c) This section does not affect exceptions applicable to offenses enacted prior to the effective date of this code.

We interpret *Studer* to mean that under Article 1.14(b), failure of a defendant to object to the omission of a "required" exception before the commencement of trial waives his right to object to the defect on appeal. Therefore, even if Section 42.04 were considered an exception, failure to object waived the defect.

However, Section 42.04 is clearly entitled in its caption a defense. Conduct in the nature of a defense does not have to be pled in the information. *Bermudez v. State*, 533 S.W.2d 806 (Tex.Crim.App.1976).

The Appellant next contends that the information fails to track Section 42.-03(a)(2) and therefore fails to state every element of the offense. It is clear that section is an alternate means of committing the offense. The Appellant asserts that he was denied notice due to the failure to track all the statutory terms. Whether he complains of notice or a defect of substance, under Article 1.14(b) and *Studer*, the Appellant has waived this appellate contention. Notwithstanding that, it is the general rule that an indictment or information which tracks the language of the penal statute in question is legally sufficient to provide an accused with notice of the charged offense. *Marras v. State*, 741 S.W.2d 395 (Tex.Crim.App.1987). In the present case, the information tracks the language of Section 42.03(a)(1). This is sufficient to allege the offense of obstructing a passageway. *Smith v. State*, 772 S.W.2d 946 (Tex.App.—Dallas 1989, PDRR). Point of Error No. One is overruled.

In Point of Error No. Two, the Appellant asserts there is insufficient evidence to support the conviction. John E. Macon Jr. testified that on July 24, 1989 at approximately 10:00 a.m., he went to a medical building located at 401 East Sixth Street in Odessa, Texas. He went there with his wife to see a doctor named Martinez for a post-surgical checkup. Upon arriving, he encountered the Appellant at the entrance to the building. The Appellant was carrying a wooden cross. There was a chain running from the Appellant across the handle of the door to the wooden cross. Macon asked the Appellant several times to let him by. The Appellant refused and stated that abortion was a crime, a sin, and that if Macon entered the building, he was a murderer. He also stated that Macon was going to go to hell. After further conversation, the Appellant told Macon he could crawl under or go over the cross. Macon stated that there were other people trying to enter and come out of the clinic including some pregnant women. A nurse came to the door and suggested that he not do anything other than call the police. Ma-

**476** ■

con stated that his ability to get into the entrance of the building was blocked by the Appellant and he considered the entrance to the building to be impassable. He also stated it was inconvenient to try to enter the building. Macon called the sheriff's department. Some officers arrived and cut the chain with bolt cutters. On cross-examination, the following exchange took place between Macon and defense counsel:

Q. The entranceway, had you stepped over the cross, could you have gone in?

A. If I had preferred to, I could have made entrance that way, yes.

Q. Or underneath it, I assume?

A. Yes, sir.

Q. So really your complaint was the man being there and obstructing you in any way from passing?

A. To make it difficult for me.

Q. Sure.

A. To call me a sinner and to tell me I'm going to hell, yes, sir, that was my grievance.

Beverly Moss stated that she was a nurse's assistant at Dr. Martinez' office. She testified that the only other entrance to the building was a private entrance to a doctor's office and it was not for public use. She stated that, while the Appellant was situated in the entrance, as far as she could see, there was no way to get out the door. She also testified that Dr. Martinez did not perform abortions but that one doctor in the building does perform such procedures.

Maggie Babb testified that she was a nurse and worked for Dr. Marshall who officed in the medical building. She had observed the Appellant chained to the entrance. She stated that the entrance was the only way to get into Dr. Marshall's office and that he performed abortions. When asked if she could have stepped over the cross, she responded in the negative.

Sergeant Gary Clark of the Ector County Sheriff's Department stated that he responded to a call at 401 East Sixth Street. He noticed a small gathering of individuals picketing the area with anti-abortion signs. He saw the Appellant standing in the entranceway of the medical building with a wooden cross. He noticed that the Appellant and the cross were chained to the door and the chain was joined by a lock. Clark advised the Appellant that he had to move and was advised by the Appellant that he didn't have a key. The witness was able to move the Appellant and the cross towards the hinge part of the door so the door could be opened to allow one person to go through the door. The Appellant then tried to move back to block the door. The officer then called for some backup officers to bring a bolt cutter. Two officers arrived. They cut the chain in two places and the Appellant was taken to the patrol car.

James Whitmire, a deputy sheriff, responded to the call with Lieutenant Richard Pate. He stated that the Appellant had chained his wrists to a cross and the cross was attached to the door. The witness stated that Clark had asked the Appellant one last time to move and he refused. The officers then cut the chain and the Appellant was taken to a patrol car. Whitmire testified that the way the Appellant had arranged himself and chained himself and the cross to the door would not allow anyone to pass through. The officer related that the Appellant spoke to him about abortion while the chain was being removed.

Sandra McEwin stated that she took care of the medical building for the four owners and she did not give the Appellant permission to block the entranceway.

The Appellant testified in his own behalf and expressed his strong feeling against abortion. He asserted that anyone could have gone under the cross. Other defense witnesses established that the Appellant was protesting the fact that a doctor in the building was performing abortion procedures. There was testimony with regard to the theological foundations for the Appellant's brief.

The Appellant maintains that according to the above-quoted testimony of John Macon, he could have stepped over the cross and entered the building. The Appellant suggests that having to step over a cross or duck under a cross does not render an

entrance impassable or make for unreasonable inconvenience or hazard.

The standard for review on appeal with regard to the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983).

There was certainly adequate evidence the entranceway was impassable and that the Appellant's conduct caused inconvenience. The Appellant focuses on the reasonableness of the inconvenience. In *Smith v. State*, 772 S.W.2d 946 (Tex.App.—Dallas 1989, PDRR), a protestor blocked the passage of a furniture mover causing the mover to have to take a short step up a small brick retaining wall and go around the protestor. The Fifth Court of Appeals held the evidence sufficient to demonstrate that the defendant had made the walkway impassable. We find that there is sufficient evidence to support the conviction. Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.