**Bobby Pat DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–89–00229–CR.**

Court of Appeals of Texas,
El Paso.

Oct. 17, 1990.

Discretionary Review Refused
Feb. 6, 1991.

Jeff Spain, Odessa, for appellant.

Tracey Bright, County Atty., Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a conviction for the offense of criminal trespass. The court assessed punishment at six months' probation and a $200.00 fine. We affirm.

In Point of Error No. One, the Appellant asserts that the court erred in overruling his motion for directed verdict and motion for new trial because the State failed to introduce evidence that the Appellant was not an owner or person having a right to possession of the trespassed apartment. The Appellant was charged with criminal trespass for entering the apartment of his estranged wife during her absence. She left the marital abode in September 1988, and obtained an apartment in her own name. The security deposit and first month's rent were paid with checks drawn on the couple's joint account containing community funds. Subsequent rental payments were made from a newly opened account of the wife alone. A divorce petition had been filed, but no decree entered. No restraining orders, injunctions or protective orders had been sought or issued by the divorce court. While the complainant was out of town, the Appellant entered the apartment using a key that he had taken from her car while it was parked at the school parking lot where she worked. He did not have her permission to obtain this key. The complainant testified that the Appellant did not have her permission to enter the apartment; in fact, she would not converse with him on the telephone. On the evening of December 26, 1988, some neighbors observed the Appellant enter the apartment and they notified a security guard who, in turn, called the police. When the police entered the apartment, the Appellant was found hiding in a closet. He related to the police and at trial that he was seeking evidence of his wife's cohabitation with a boyfriend. The Appellant

testified that he did not know that the divorce had been filed and he considered the apartment and its contents to be his community property as the furniture came from the marital dwelling. He stated that on the night in question, he parked his car well away from the apartment so that nobody would know he was there. The couple had separated before on a prior occasion and the complainant had moved into another apartment. The Appellant testified, "She had told me before at the other apartment that she didn't want me around at all and she told me not to go around the apartment and so I did not."

Tex.Penal Code Ann. § 30.05 (Vernon 1989) provides that one commits the offense of criminal trespass if he:

[E]nters or remains on property or in a building of another without effective consent and he:

(1) had notice that the entry was forbidden; or

(2) received notice to depart but failed to do so.

Notice is defined as "oral or written communication by the owner or someone with apparent authority to act for the owner;...."

Tex.Penal Code Ann. § 1.07(a)(24) (Vernon 1974) defines owner as:

[A] person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

The Appellant contends that it is impossible for any of these three possible interpretations of an owner to be applicable in that the Appellant was an owner of the property pursuant to the State's community property laws.

A similar contention was made in *Stanley v. State*, 631 S.W.2d 751 (Tex.Crim.App. 1982). In *Stanley*, the defendant was charged with burglary of a habitation with intent to commit the murder of his estranged wife who had been residing in a separate dwelling for several days. The defendant argued that his wife could not qualify as an owner as his wife had no greater right to possession of the habitation. The defendant further argued

that, even if she was an owner, there was an implied consent because of the marital status. The Court of Criminal Appeals in *Stanley* rejected this reasoning and stated:

[W]e reject under the circumstances, appellant's claim that the marital relationship authorized him to break and enter the premises occupied by his estranged wife. His wife clearly had the greater right of possession and was an "owner." The couple had separated and she had filed for divorce, had moved from the home where she resided with the appellant, and had established another home for herself and her son. She had the right to refuse to consent. There was no implied consent to break and enter merely because of the marital status. 631 S.W.2d at 753.

We find that under the circumstances of the present case, the complainant was an owner and, as having a greater right to possession of the premises, had the right to refuse entry to the Appellant. The record is clear that the complainant had not wanted to communicate with the Appellant after she had established herself in the new residence. The prior understandings during the first estrangement coupled with the Appellant's surreptitious actions surrounding his entry and discovery in the apartment are circumstances militating against the Appellant's assertions. Point of Error No. One is overruled.

In Point of Error No. Two, the Appellant contends that the court erred in overruling Appellant's motion for directed verdict because the State failed to present evidence of an agreement modifying Appellant's ownership rights to the apartment. The Appellant points to various provisions in the Family Code which provide for parties to agree to convert the status of their marital property or to agree to alter the status of that property incident to a divorce. The Appellant maintains that the evidence established that the property within the apartment consisted of the mixed separate property of both spouses and their joint community property. The Appellant contends that this rendered the

property subject to the joint management and control of both the Appellant and the complainant making it impossible for the Appellant to be convicted for criminal trespass on a leasehold over which he had joint management and control. The Appellant asserts that it was contingent upon the State to demonstrate that an agreement between the parties existed which altered the status of the property pursuant to the provisions of the Family Code.

In *Stanley,* the court hearing the divorce issued a temporary restraining order and set a show cause hearing on a temporary injunction prohibiting the husband from contacting his wife or going about her home. While the husband was served with copies of the divorce papers, the temporary restraining order and a show cause order, he did not appear at the hearing on the temporary injunction and there was no showing that he had notice of the issuance of the temporary injunction. The wife left the home and occupied an apartment where she resided for several days before the husband's forced entry. The husband asserted that as he had no notice of the temporary injunction, he was entitled to enter the residence in accordance with his marital status. The Court of Criminal Appeals put aside the question of the temporary injunction and chose to dwell upon the circumstances which established the wife's ownership status. The factors discussed in the prior point of error as well as the Appellant's assertions that he was seeking evidence against his wife again militate against the Appellant's assertions. Point of Error No. Two is overruled.

■ In Point of Error No. Three, the Appellant maintains that the court erred in overruling his motion for directed verdict in that such ruling denied the Appellant his rights to due process of law under Texas Constitution Article 1, Section 19, and the Fourteenth Amendment of the United States Constitution. It is the Appellant's contention that the complainant did not avail herself of provisions of the Family Code which could have granted her the exclusive possession of the apartment. He argues, in effect, that certain provisions of the Family Code and the Penal Code concerning temporary restraining orders and protective orders must be complied with in order to provide due process to a spouse who enters an estranged spouse's residence. The Appellant argues that these procedures must be followed in lieu of a prosecution for criminal trespass. The Appellant cites *Stanley* in support of this contention, arguing that *Stanley* impliedly held that the defendant therein was granted due process because of judicial intervention. The Appellant reasons that as Stanley had (purportedly) received the temporary restraining orders and notice of the hearing on the temporary injunction, his failure to appear at the hearing caused a waiver and the court by default entered the injunction against the defendant. Then the court was free to proceed with the criminal cause because the defendant's due process rights had been observed. It is difficult to perceive how *Stanley* stands for this proposition. In *Stanley,* the Court of Criminal Appeals put aside consideration of the temporary injunction. In fact, later in the case, the Court in *Stanley* found no error in the trial court's refusal to give several instructions pertinent to the Appellant's present contentions. One such requested instruction was to the effect that it was the right of the spouse to cohabit and enter into the premises in which the other spouse resided until there existed a lawful court order prohibiting him from doing so. The Court upheld the denial of the instruction concluding that it was not the law. The *Stanley* case does not support the Appellant's contentions that various aspects of marital property law must be adhered to prior to a prosecution under the Penal Code. Point of Error No. Three is overruled.

In Point of Error No. Four, the Appellant argues that the court erred in overruling his motion for new trial because the verdict rendered is contrary to the law. In support of this proposition, the Appellant cites authority from other jurisdictions. However, as stated above, *Stanley* is the controlling case. Point of Error No. Four is overruled.

In Point of Error No. Five, the Appellant contends that the court erred in failing to grant his motion for new trial because the Court's interpretation of Tex. Penal Code § 30.05 amounted to an *ex post facto* law. The Appellant argues that in the present case, there was an *ex post facto* deprivation of his due process rights in that the trial court's denial of his motion for new trial constituted a situation where a clear, precise and narrow statute was given an unforeseeable judicial interpretation which expanded the statute to punish an act of an accused person. The Appellant cites *Bouie v. Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) in support of this contention. However, in *Bouie,* the statute did not even contain the provision upon which the Appellants were prosecuted. The present statute contains explicit language concerning the giving of notice and, as held above, the Appellant received such notice that he was not to enter the apartment. Point of Error No. Five is overruled.

The judgment of the trial court is affirmed.