Esperanza **BUSTILLOS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–91–00335–CR.

Court of Appeals of Texas, El Paso.

June 3, 1992.

Rehearing Overruled July 1, 1992.

Robert R. Feuille, El Paso, for appellant.

Joe Lucas, Co. Atty., El Paso, for state.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

LARSEN, Justice.

A jury convicted Esperanza Bustillos, Appellant, of criminal trespass and obstruction of a passageway. The jury assessed punishment at 180 days' confinement and a $1,000 fine for each offense, partially probated. In twenty-four points of error, Appellant seeks review of the judgment rendered by the trial court. We reverse and remand the conviction for criminal trespass and affirm the conviction for obstruction of a passageway.

Attacking certain elements of the respective offenses, Appellant questions the sufficiency of the evidence to support both convictions in seventeen points of error.[1] In six points of error, Appellant asserts the trial court erred in its charge to the jury on both offenses.[2] In Point of Error No. Fourteen, Appellant argues the trial court erred in failing to dismiss the information and in failing to grant a directed verdict as to obstruction of a passageway in that it failed to state an offense. Further delineation of Appellant's arguments will be outlined in the following discussion.

## I. SUFFICIENCY OF EVIDENCE

Pertaining to Appellant's sufficiency of evidence points of error, we are constrained to view all the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime alleged in the application paragraph of the charge to the jury beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App.1991). Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Stoker v. State*, 788 S.W.2d 1, 6 (Tex.Crim.App. 1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). Nor do we resolve any conflict of fact, weigh the evidence or assign credibility to the witnesses as such functions are solely in the province of the jury. *Juarez v. State*, 796 S.W.2d 523, 524 (Tex.App.—San Antonio 1990, pet. ref'd). Instead, an appellate court is only "to determine if any rational trier of fact could have, based on the evidence admitted at trial, found the essential elements of the offense beyond a reasonable doubt." *Fernandez v. State*, 805 S.W.2d 451, 456 (Tex. Crim.App.1991).

### (A) Factual Summary

Presented in the proper light, the evidence demonstrates Appellant and approximately thirty other protestors crowded themselves into a hallway on the fifth floor of University Towers located at 1900 North Oregon in El Paso, Texas. University Towers is owned by Alvis Southwest Partnership. The Partnership contracted Cambridge Capital Corporation to manage the building. The protestors blocked the entrance to and exit from the offices of Women's Reproductive Services (Services), which were located in suite 507. An employee of Cambridge, David McWhorter, was summoned to the scene, as were the police. After identifying himself as the building manager, McWhorter told the group in a loud voice that their presence was not desired and that if they failed to

---

1. As to criminal trespass, Appellant challenges the sufficiency of evidence in Points of Error Nos. One, Two, Four, Five and Six. As to obstruction of a passageway, Appellant raises similar arguments in Points of Error Nos. Ten, Eleven, Twelve, Thirteen, Fifteen, Sixteen, Eighteen, Nineteen, Twenty, Twenty-one, Twenty-two and Twenty-three.

2. As to criminal trespass, Appellant urges the existence of error in Points of Error Nos. Three, Seven, Eight and Nine. As to obstruction of a passageway, error is alleged in Point of Error No. Seventeen. Error is also asserted, generally, relating to the charge in Point of Error No. Twenty-four.

leave, he would ask the officers to arrest them for criminal trespass.

James Price, an El Paso Police Department officer, told the group that he was going to escort a Services employee and two clients into its fifth floor offices. The protestors, however, obstructed their passage. Price testified that a police department supervisor, Sergeant Bruce Manville, was called to the scene, and he heard Manville inform the protestors that they would be arrested if they failed to leave the premises. He also stated that McWhorter issued an additional warning to the protestors at which time Appellant was a member of the group. Price further indicated that Police Department Deputy Chief Gregory Drollinger instructed the group that they would be arrested if they failed to leave the premises within one minute.

Police Officer Alfredo Alvarez testified that McWhorter announced in a loud voice that the protestors would be arrested if they did not leave. Alvarez witnessed Manville issue the order for the protestors to move. Likewise, Sergeant Manville testified that he warned the group that their failure to leave would result in their arrest. Because the group was singing, he raised his voice to issue the warning. Manville also reiterated that Captain Drollinger warned the group of their impending arrest. Similarly, Drollinger testified that he advised the protestors that having been warned to leave, their failure to do so was a violation of law and that arrests would begin in one minute if they refused to leave. The protestors did not heed the warnings. Consequently, officers began arrests. Appellant was one of those arrested.

### (B) Criminal Trespass

In Points of Error Nos. One and Two, Appellant challenges the sufficiency of the evidence relating to criminal trespass to prove that the property was "property of another." Point of Error No. One contends

the "evidence is insufficient as a matter of law...." Point of Error No. Two asserts that the jury's verdict "is contrary to the weight of the evidence...." In her brief, Appellant neither differentiates the standards of review to be applied to these distinguishable points, nor does she segregate the argument supporting the "two" points of error.[3] As a result, the arguments present nothing more to review than does a traditional insufficiency of the evidence point in a criminal case.

■ At trial, the evidence established that the building was owned by a partnership. Consequently, Appellant argues the State was required to foreclose the possibility that she was one of the co-owners of the building. In support of her contention, Appellant relies upon a case in which an accused was charged with unlawfully remaining in a building "owned" by the complainant. *Palmer v. State*, 764 S.W.2d 332, 333 (Tex.App.—Houston [1st Dist.] 1988, no pet.). In *Palmer*, however, the evidence introduced at trial demonstrated that the accused did in fact possess an ownership interest in the property involved. In light of this evidence, the appellate court held the accused countered the State's *prima facie* case and that the State had not met its increased burden to otherwise prove that the property was owned by the complainant as alleged. *Palmer*, 764 S.W.2d at 335. As a result, the evidence was found insufficient.

The instant case is distinguishable because Appellant did not present any evidence to overcome the State's *prima facie* showing that the property was that of another as defined by the Tex.Penal Code Ann. § 1.07(a)(4) (Vernon 1974)—"a person other than the actor." To the contrary, Appellant merely asserts it is as probable as not that Appellant is one of the owners since the evidence indicates the building was owned by a partnership consisting of two or more unnamed persons. Without support in the evidence, Appellant's bald

---

**3.** Each of Appellant's numerous insufficient evidence points as to specific elements of both criminal trespass and obstruction of a passageway similarly attempt to address "legal" and "factual" sufficiency arguments. Likewise, each of the arguments are commingled and will, thus, be addressed simultaneously.

assertion is untenable. At oral argument, Appellant's counsel asserted that requiring her to put on some evidence to illustrate some ownership interest to counter the State's *prima facie* case contravenes the presumption of innocence and shifts the burden of proof. Appellant is mistaken. Once the State has established a *prima facie* case, it is entitled to have the case submitted to the jury. The State's evidence that University Towers is owned by Alvis Southwest Partnership established its *prima facie* case that the property was owned by another. The mandate that the accused counter the *prima facie* case is a device available to Appellant which, if utilized, would have increased the State's burden of persuasion. Having failed to put on any evidence of Appellant's ownership interest in the partnership, the State's burden of proof did not include specifically excluding such a possibility. For these reasons, Points of Error Nos. One and Two are overruled.

■ In Points of Error Nos. Four and Five, Appellant challenges the sufficiency of the evidence that McWhorter was the owner of University Towers. Ownership is relevant to the prosecution only to the extent that Appellant's presence was without the effective consent of the owner. As defined in Tex.Penal Code Ann. § 1.07(a)(24)(A) (Vernon Supp.1992), "owner" means a person who has either: (1) title to the property; (2) possession of the property; or (3) a greater right to possession of the property than the actor. The charge did not define the term "owner." Without citation to authority, Appellant argues that this statutory definition is more expansive than the common understanding of the term "owner," and it is, therefore, not controlling. Finding that the statutory definition is consistent with the common meaning, we disagree. *See generally,* Webster's New International Unabridged Dictionary 1612 (3d ed. 1971). Furthermore, it was at Appellant's insistence that the statutory definition of "owner" be redacted from the jury charge. Appellant will not be heard to complain on appeal for actions taken by the trial court at her request.

*Gutierrez v. State,* 659 S.W.2d 423, 424 (Tex.Crim.App.1983).

■ The evidence unequivocally established that McWhorter, as building manager, had possession of the property and had a greater right of possession of the property than any of the protestors—as well as any other member of the general public whose presence was not desired. Again, Appellant baldly contends it is reasonable to conclude Appellant was an owner of the building since the building was owned by a partnership consisting of more than one person. Without evidence to the contrary, the State was not required to specifically exclude Appellant as one of the co-owners of the building. Having actual possession of the premises as building manager and, thus, having a greater right in possession of the property, the evidence established that McWhorter was the owner of the building. *See Davis v. State,* 799 S.W.2d 398, 400 (Tex.App.—El Paso 1990, pet. ref'd). Appellant's fourth and fifth points are overruled.

■ In her sixth point of error, Appellant asserts the evidence is insufficient to prove she did not have effective consent of the "owner." Appellant's argument is wholly couched upon her position that the State failed to exclude Appellant as one of the owners. Having previously held that the State was not required to specifically exclude Appellant as a potential owner without some evidence which would rebut the State's *prima facie* case and having found the evidence sufficient to establish that McWhorter was the owner, the point is without merit if the evidence demonstrates McWhorter notified Appellant her presence was not desired. The record clearly indicates that the protestors were repeatedly asked to leave and were told that their failure to do so would result in arrests and the filing of criminal charges. As a result, the evidence is sufficient from which any rational juror could find beyond a reasonable doubt that Appellant received notice to depart and failed to do so. Accordingly, the point of error is overruled.

### (C) Obstruction of a Passageway

Next, we will address Appellant's points of error challenging the sufficiency of the evidence regarding her conviction for obstruction of a passageway. Points of Error Nos. Ten and Eleven contend the State failed to adequately establish the entrance and exit, as alleged, was one to which the public or a substantial group of the public had access. Next, Appellant contends, in Points of Error Nos. Twelve and Thirteen, the evidence is insufficient to prove she blocked or obstructed the entrance and exit. We will address the points simultaneously.

■ Without objection, Officer Price testified that two unidentified individuals had an appointment on the day of the protest, and they were attempting to gain entrance to the business. A Services employee was also waiting to enter the office. When Price attempted to escort those individuals into the office, the protestors—including Appellant—thwarted his effort by blocking the entrance. Price decided that any attempt to enter the business at that time was futile. Price, therefore, informed the individuals to return to the building lobby and wait until the situation improved. As alleged in the information and charged to the jury, building manager McWhorter testified that University Towers was located at 1900 North Oregon in El Paso, Texas, and that Services offices were located on the fifth floor in suite 507 of University Towers. From this evidence, the jury could have rationally found beyond a reasonable doubt that Appellant, as alleged, blocked an entrance to which the public or a substantial group of the public had access. See *Robles v. State,* 803 S.W.2d 473, 476–77 (Tex.App.—El Paso 1991, no pet.); *Smith v. State,* 772 S.W.2d 946, 953 (Tex. App.—Dallas 1989, pet. ref'd). Points of Error Nos. Ten through Thirteen are overruled.

■ In Points of Error Nos. Fifteen and Sixteen, Appellant contends the evidence is insufficient to prove a request and order to move to prevent obstruction of the entrance and exit was made. Points of Error Nos. Eighteen and Nineteen challenge the sufficiency of the evidence to prove that Captain Drollinger requested or ordered Appellant to move. Points of Error Nos. Twenty and Twenty-one assert insufficiency of the evidence that any request or order to move was reasonable. In Points of Error Nos. Twenty-two and Twenty-three, Appellant alleges that the evidence is insufficient to prove she failed to move or leave the entrance and exit. We will address these points simultaneously.

The protestors were warned to leave several times over a two-hour period of time. These warnings were issued by both the building manager and several police officers. Finally, Captain Drollinger, aware of the protestors' failure to heed such previous warnings, issued an additional and final warning stating arrests would commence in one minute for those protestors who remained. Subsequently, officers began arresting the protestors who failed to leave as promised by Drollinger. Those arrested had to be individually carried by two officers down to the lower level of the building. Appellant was among those arrested. Viewed in a light most favorable to the verdict, we find the evidence sufficient from which any juror could rationally conclude that reasonable warnings were issued by several persons for the purpose of removing obstruction of the subject entrance and exit and that by her inaction, Appellant refused to move or leave from the entrance and exit. See *Robles,* 803 S.W.2d at 476–77; *Smith,* 772 S.W.2d at 953. Consequently, Points of Error Nos. Fifteen, Sixteen, Eighteen, Nineteen, Twenty, Twenty-one, Twenty-two and Twenty-three are overruled.

## II. CHARGE ERROR

In Appellant's remaining points of error, she alleges the trial court erred in various ways in its submission of the charge to the jury. The standard for review of alleged errors in the jury charge is dependent upon whether Appellant levied a proper objection. If she did, the judgment will be reversed if error is found which caused "some" harm to Appellant. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.

1985) (opinion on rehearing), *cert. denied,* 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987). If she raised no proper objection, reversal will be mandated only if an error is so egregious that Appellant was deprived of a fair and impartial trial. In applying the appropriate review, the determination of whether actual, not merely theoretical, harm is present and its degree is not to be judged in a vacuum. Rather, any error will be adjudged in light of the entire charge and the evidence. *Id.* at 171–74.

### (A) Jury Charge

The charge of the court consisted of two counts. First, the jurors were instructed that if proven beyond a reasonable doubt, they were to find Appellant guilty of criminal trespass if she:

> [R]emain[ed] on property of another without the effective consent of the owner, namely: David McWhorter, and that she received notice to depart but failed to do so, . . . .

In Count II, the jurors were instructed that, if proven beyond a reasonable doubt, they were to find Appellant guilty of obstruction of a passageway if she:

> [W]ithout legal privilege and authority, intentionally, knowingly, or recklessly disobey[ed] a reasonable request and order to move issued by Captain Drollinger, a person the [Appellant] was informed or knew to be a peace officer, and that such request and order to move was made to prevent obstruction of the entrance to and exit from Womens' [sic] Reproductive Services located at 1900 N. Oregon Street, University Towers, Fifth Floor, Room 507, which said entrance and exit were being blocked by said [Appellant] and from which entrance and exit said [Appellant] refused to move or leave, . . . .

These application paragraphs were accompanied by numerous general instructions and relevant definitions.

### (B) Criminal Trespass

In Appellant's ninth point of error, she complains of the trial court's failure to charge the jury on the allegations included in the information regarding her culpable mental state. The information alleged Appellant unlawfully, intentionally and knowingly remained on the property of another. During the charge conference, the State moved that the court redact "intentionally and knowingly" from the charge as to criminal trespass. Over Appellant's objection, the court granted the State's request by ruling that the culpable mental state was surplusage. In light of Appellant's objection, a reversal will be militated upon a finding that error, if any, caused some harm to Appellant. *Almanza,* 686 S.W.2d at 171.

Although the jury charge must generally correspond to the allegations in the charging instrument, an unnecessary allegation, such as a nonessential culpable mental state, is surplusage and may be properly excluded from the charge. *Hardie v. State,* 588 S.W.2d 936, 938–39 (Tex.Crim. App.1979). *See also Whetstone v. State,* 786 S.W.2d 361, 364 (Tex.Crim.App.1990). The Penal Code does not require proof of a culpable mental state in order to convict an accused of criminal trespass. Tex.Penal Code Ann. § 30.05(a) (Vernon 1989). Nevertheless, Section 6.02 of the Penal Code requires proof of intent, knowledge or recklessness unless the definition of the offense plainly dispenses with the culpable mental state. Thus, the allegations contained in the information charging that Appellant committed the requisite acts intentionally and knowingly were surplusage only if Section 30.05 plainly dispensed with the mental element.

The information alleged Appellant intentionally and knowingly remained on the property of another without the effective consent of the owner and received notice to depart but failed to do so. As we recognized in *Egger v. State,* 817 S.W.2d 183, 187 n. 2 (Tex.App.—El Paso 1991, pet. ref'd), the Court of Criminal Appeals has held that the statutory definition of the offense of criminal trespass does not plainly dispense with the mental element and that intent, knowledge or recklessness is required. *See Holloway v. State,* 583 S.W.2d 376, 377 (Tex.Crim.App.1979); *West*

*v. State,* 567 S.W.2d 515, 516 (Tex.Crim. App.1978). It is the volitional refusal to depart from the property when requested which gives rise to a criminal trespass prosecution. *Reed v. State,* 762 S.W.2d 640, 646 (Tex.App.—Texarkana 1988, pet. ref'd), *cert. denied sub nom., Harris v. Texas,* 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989). *See also Moses v. State,* 814 S.W.2d 437, 440 (Tex.App.—Austin 1991, pet. ref'd); *Brumley v. State,* 804 S.W.2d 659, 662 (Tex.App.—Amarillo 1991, no pet.). This is true because a defendant could be properly convicted of criminal trespass even though the entry upon the property was by either accident or mistake, upon subsequent proof that defendant then intentionally, knowingly or recklessly refused to leave after receiving proper notice to depart. Although the Court of Criminal Appeals did not make this distinction in either *Holloway* or *West,* it is clear that some sort of culpable mental state is required. As a result, the element of intent as alleged in the information was not surplusage. As fundamental error, the trial court's elimination of the culpable mental state from the jury charge cannot be said to be harmless. *See Holloway,* 583 S.W.2d at 377. Finding some harm as delineated in *Almanza,* Point of Error No. Nine is sustained.[4]

### (C) Obstruction of a Passageway

■ In Point of Error No. Seventeen, Appellant argues the trial court erred in failing to charge the jury on all the allegations contained in the information. The information alleged Appellant disobeyed Captain Drollinger's request to move which was made to prevent obstruction of the entrance and exit, "and to further maintain public safety...." As reprinted above, the jury charge authorized a conviction upon a finding beyond a reasonable doubt that Appellant disobeyed Drollinger's request which was made to prevent obstruction of the entrance and exit. Since no objection was levied, error, if any, will require a

reversal only if it deprived Appellant of a fair trial. *Almanza,* 686 S.W.2d at 171.

The Penal Code authorizes a conviction for obstruction of a passageway in several differing ways. One method of proof is to show that a person disobeyed a reasonable request to move by one known to the actor to be a peace officer which was given to: (1) prevent obstruction of numerous public areas; or (2) maintain public safety by dispersing those gathered in proximity to a hazard. *See* Tex.Penal Code Ann. § 42.-03(a)(2) (Vernon 1989). It is proper for the State to conjunctively plead these different manners of committing the offense in the charging instrument and to then abandon one or more of those unnecessary allegations which are not supported by the evidence when submitting the case to the jury. *See Nickerson v. State,* 782 S.W.2d 887, 891 (Tex.Crim.App.1990). Thus, it was not error to exclude the "public safety" portion of the allegation from the jury charge. The point of error is overruled.

### (D) Generally

■ In Point of Error No. Twenty-four, Appellant contends the trial court erred in submitting the charge to the jury by listing the charge of criminal trespass as Count I and the charge of obstructing a passageway as Count II because the two separate offenses were charged in the information in the reverse order. Again, Appellant failed to object to this perceived error. Thus error, if any, is reversible only if it deprived Appellant of a fair trial. *Almanza,* 686 S.W.2d at 171.

Without citation to authority, Appellant baldly asserts that, by reversing the order of the charges, the form of the charge was fundamentally erroneous. Assuming error solely for the purpose of argument, Appellant fails to enlighten this Court as to any particularized harm which flowed from changing the order of the charges. We are unable to perceive any even theoretical harm which could arise from such a failure. The point of error is overruled.

---

4. As a result, the conviction of criminal trespass is reversed, and the cause is remanded to the trial court for a new trial. Consequently, we need not address Appellant's Points of Error Nos. Three, Seven and Eight, and we express no comment as to the merit, if any, of those points.

## III.  FAILURE TO DISMISS OR GRANT DIRECTED VERDICT

In Point of Error No. Fourteen, Appellant alleges the trial court erred in failing to dismiss the information or in denying her motion for a directed verdict because the obstruction of a passageway allegation failed to state that the public or a substantial group of the public had access to the blocked entrance or exit.  Initially, we note the point is multifarious.  Nevertheless, we will address it.

■ Appellant contends the information failed to allege an element of the offense. Appellant did not file a motion to quash the information prior to trial.  A failure to raise such a substantive defect waives any error on appeal or by collateral attack. *Studer v. State,* 799 S.W.2d 263, 268 (Tex. Crim.App.1990).  Thus, the trial court was not deprived of jurisdiction although the information failed to allege acts relied upon by the State to constitute criminal conduct. *Id.* at 273.  The point of error regarding Appellant's request to dismiss the information is overruled.

Regarding one portion of Point of Error No. Fourteen, Appellant argues error in the denial of the motion for a directed verdict.  Such a challenge is one assailing the sufficiency of the evidence. *Madden v. State,* 799 S.W.2d 683, 687 (Tex.Crim.App. 1990).  A directed verdict is proper if the State has failed to establish *prima facie* proof of the elements of the offense as pled.  If there is some evidence to support each element, a fact issue is raised which is within the province of the jury—not the court. *Harris v. State,* 790 S.W.2d 778, 779 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).  Having ruled the evidence is sufficient to sustain the conviction, the trial court properly denied the motion for a directed verdict. *Arizmendez v. State,* 807 S.W.2d 436, 437 (Tex.App.—Houston [14th Dist.] 1991, no pet.).

Appellant's argument under the fourteenth point argues that her activity was not criminal because "public access" language of the statute is absent from the application paragraph of the charge.  Appellant did object to this absence; thus, a reversal will be required upon a finding of some or any harm. *Almanza,* 686 S.W.2d at 171.  We remain cognizant that our review requires us to consider the entire charge and the state of the evidence. *Id.*

■ As set out above, the application paragraph authorized the jurors to convict Appellant if they found beyond a reasonable doubt that she disobeyed a reasonable request to move by one known to the actor to be a peace officer which was given to prevent obstruction of the entrance to and exit from Women's Reproductive Services. The legal instructions which preceded the application paragraph of the charge explained that a person commits an offense if she intentionally, knowingly or recklessly "[o]bstructs [an] ... entrance, or exit to which the public or a substantial group of the public has access,...." The evidence demonstrated that a police officer attempted to escort two clients and an employee into the business at the time Appellant and her associates were protesting.  The officer's efforts were thwarted by the protestors.  Thus, there exists a direct link between the application paragraph, the legal instructions of the charge and the evidence from which the jurors could rationally infer that Women's Reproductive Services was a place to which the public or a substantial group of the public had access.  From a proper review of these constituent factors as delineated in *Almanza,* we find that Appellant was not harmed by the court's charge as submitted to the jury.  For these reasons, Point of Error No. Fourteen is overruled.

## IV.  CONCLUSION

Because the charge lacked a requirement that the jury find the appropriate culpable mental state, we reverse the conviction for criminal trespass and remand Count II of the information to the trial court for a new trial.  Having overruled each of Appellant's points of error regarding the conviction for obstruction of a passageway, we affirm the judgment of the trial court as to Count I of the information.