NO. 07-01-0329-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 6, 2002

_____

JERRY S. PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435674; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

A jury convicted appellant Jerry S. Pena of the offense of burglary of a habitation with intent to commit aggravated assault and punishment was assessed at 30 years confinement. By a sole point of error, appellant contends the trial court erred in denying his motion for a directed verdict contending insufficiency of the evidence to support

burglary based on the evidence of an existing marital relationship and marital domicile. Based on the rationale expressed herein, we affirm.

Because our decision is controlled in part by the provisions of section 3.102(a) of the Texas Family Code Annotated (Vernon 1998), we will recount only such facts as necessary for disposition of this appeal. Appellant and the victim had lived together for several years, and appellant claimed a common law marriage existed between him and the victim. On August 29, 2000, finding that reasonable cause existed to believe that appellant had committed acts of violence against the victim, the Lubbock County Magistrate Court rendered an order which, among other things, ordered that appellant not go within 500 yards of the residence of the victim which, at that time, was designated as 2120 21st Street, Lubbock, Texas.

On November 3, 2000, the victim, as the sole party designated as tenant, signed a lease for one year for an apartment at 1922 14th Street #B. Appellant did not sign the lease and was not mentioned as a party to the lease in any capacity. After the victim moved out of the former residence and into the newly leased apartment, appellant continued to haunt her and sought to gain entry into her apartment. Although appellant contends that a common law marriage existed and that the apartment leased by the victim constituted a marital domicile, he did not object to the charge or request any definitions, nor object to the charge because it did not submit his defensive theory. Appellant does not

2

predicate his appeal on charge error, but instead contends the trial court erred in denying his motion for directed verdict.

By his sole point of error, appellant contends the trial court erred in denying his motion for a directed verdict alleging the evidence is insufficient to support burglary based on the evidence of an existing marital relationship and marital domicile. We disagree. Generally, when a party raises a point of error challenging the denial of a motion for directed verdict, it is treated as a challenge to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Cr.App. 1996). Evidence is sufficient when, viewed in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Id*., citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Burglary is entry into a habitation without the "effective consent of the owner." Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon Supp. 2002). In the trial court, appellant presented his motion based on Texas community property laws, a legal question. However, whether reviewed *de novo* as a question of law or by a challenge to the sufficiency of the evidence, the judgment of the trial court must be affirmed.

Appellant's motion for directed verdict was dictated into the record after the State rested. As material here, appellant asserted

> The contract entered into for the lease, on this 14th Street, in question happened during the period of time that she testified they are common-law married. Under the laws of the State of Texas people in a union or marriage

3

> have community property rights to all property acquired during the time of the marriage. That being the case, just on the legal ground, there is a legal impossibility that [the victim] could own property that is not owned by the Defendant. That makes any consent issue irrelevant due to his ownership issue of the property, based on there has not been one shred of evidence controverting that. On that ground, we would ask the Court for a directed verdict

Although appellant's point of error is based on an alleged "marital domicile," the motion presented to the trial court was based only on Texas community property law and did not present any question of a marital domicile. Because the issue of marital domicile was not presented to the trial court, it may not be considered for the first time on appeal. Miller v. State, 667 S.W.2d 773, 774 (Tex.Cr.App. 1984) (en banc).

Further, appellant's argument that the victim's consent is irrelevant ignores section 3.102(a) of the Texas Family Code. Section 3.102(a) provides in part:

> (a) During marriage, each spouse has the sole management, *control*, and disposition of the community property that the spouse would have owned if single . . . .

(Emphasis added). The written lease introduced into evidence designated the victim as the tenant. Appellant's name or signature does not appear on the lease. Pursuant to section 3.102(a), the leasehold estate vested in the victim was expressly subject to her sole management and control, notwithstanding the alleged marital relationship or marital domicile. Therefore, because the victim had the statutory right to sole management and control of the leased premises, her consent was relevant.

4

Moreover, in Stanley v. State, 631 S.W.2d 751, 753 (Tex.Cr.App. 1982), where the husband and wife were separated and the wife had filed for divorce, the Court held that the wife had the right to refuse to consent to the husband's entry into her residence. The Court also expressly rejected the husband's claim that the marital relationship authorized him to break and enter the premises occupied by his estranged wife. Even though the victim in the underlying case had not filed for divorce at the time of the assault, nevertheless her consent was essential, otherwise the statute giving her the right to sole management and control of the leased premises would be rendered meaningless. Further, for this purpose, the term "owner" includes a person who has title to the property, possession of the property, or "a greater right to possession of the property than the actor." Tex. Pen. Code Ann. § 1.07(a)(35); see Gregg v. State, 881 S.W.2d 946, 951 (Tex.App.--Corpus Christi 1994, pet. ref'd). Because section 3.102 (a) of the Family Code gave the victim the right of sole management and control over the apartment, she had a greater right to possession of the property than appellant, implicating the essential element of her consent. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.

5