Affirmed and Memorandum Opinion filed May 5, 2005









Affirmed and Memorandum Opinion filed May 5, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00945-CR

_______________

 

RICHARD JACKSON, JR., Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the County Court at Law

Waller
County, Texas

Trial
Court Cause No. CC03‑214

____________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Richard
Jackson, Jr. appeals a conviction for criminal trespass[1]
on the grounds that the trial court erred by: (1) ordering appellant=s wife to testify against him after
she invoked the spousal privilege against testifying; (2) denying a directed
verdict for appellant; and (3) sustaining the State=s objection that community property
could not be argued in closing.  We
affirm.








Background

Upon
appellant=s release from prison, his wife
picked him up and took him to her apartment. 
The couple had separated before appellant entered prison, and appellant
had never lived in the apartment.  A
subsequent argument between appellant and his wife prompted an unknown person
to call the police.  When the officer
arrived there, he observed that the wife was crying and her purse was on the
floor with the contents scattered about. 
The wife did not respond to the officer=s question whether she had been
assaulted, but stated that she wanted appellant to leave.  Although appellant initially refused, the
officer eventually persuaded him to do so, after which he was arrested.

Testimonial Privilege

Appellant=s first issue contends that the trial
court erred by ordering appellant=s wife to testify in the case after
she claimed spousal privilege.  In a
criminal case, the spouse of an accused generally has a privilege not to be
called as a witness for the state.   Tex. R. Evid. 504(b)(1).[2]  However, this privilege does not apply in any
proceeding in which the accused is charged with a crime against his (or her)
spouse.  Tex. Code Crim. Proc. Ann. art. 38.10 (Vernon 2005); Tex. R. Evid. 504(b)(4)(A).  This exception eliminates the spousal
testimonial privilege for prosecutions in which the testifying spouse is the
alleged victim of the crime by the accused. 
Tex. R. Evid. 504 cmt.








Appellant
contends that the foregoing exception does not apply in this case because the
charged offense of criminal trespass is an offense against property, not
against a person.  However, appellant
cites no authority supporting such a narrow interpretation of Acrime against the person=s spouse@ as meaning only crimes against the
person of a spouse.  In addition, because
rule 504(a)(4)(C) uses the phrase, Acrime against the person of the
spouse,@ we must construe Acrime against the spouse@ as having a broader meaning so as to
give effect to the phrase Athe person of@ and not render it redundant.[3]  Moreover, the bill analysis for the House
Committee Report on Senate Bill 128, which added article 38.10 to the Code of
Criminal Procedure, states as background for the proposal, that victims of
domestic violence are often the only witnesses to the violence and, if given a
choice whether to testify, may be coerced by the abuser into not doing so.[4]

In
this case, appellant was charged with a criminal trespass[5]
of his wife=s residence, which he had never
inhabited, following a heated altercation between them.  We conclude that this offense comes within
both the language of rule 504(b)(4)(A) and the policy it seeks to promote.  Accordingly, appellant=s first issue does not demonstrate
that appellant=s wife had a privilege not to testify
in this case[6]
and is overruled.

Directed Verdict

Appellant=s second issue challenges the trial
court=s denial of his motion for directed
verdict on the ground that the apartment his wife leased during their marriage
was community property for which appellant had a joint right of possession and
control absent a written agreement or order. 
Therefore, appellant contends that his wife=s apartment was not Aa building of another@ for purposes of the definition of
criminal trespass.  See Tex. Pen. Code Ann. ' 30.05 (Vernon Supp. 2004) (emphasis
added).








Ownership
is not an element of the offense of criminal trespass,[7]
and proof of ownership is a greater burden than is required to prove Aof another.@ 
State v. Kinsey, 861 S.W.2d 383, 385 (Tex. Crim. App. 1993).  Although the law is unsettled as to what
exactly distinguishes the two concepts, it logically follows that evidence
which is sufficient to prove ownership is more than adequate to prove Aof another.@ 
The definition of an Aowner@ includes a person who has a greater right of possession than
the actor.  Tex. Pen. Code Ann. ' 1.07(35) (Vernon Supp. 2004B2005).  Where a married couple has separated and one
spouse has established a new residence away from that which the couple shared,
then that spouse has a greater right of possession to that new residence than
the other spouse and, thus, a right to refuse consent for the other spouse to
enter those premises, despite their marital status still being in effect.  See Stanley v. State, 631 S.W.2d 751,
753 (Tex. Crim. App. 1982).

In
this case, after appellant and his wife had separated, she leased the apartment
solely in her name, lived in it for over two years, and paid the rent.  Appellant had never lived at, or even
visited, the apartment before the day of the offense or paid rent for it.  Under these circumstances, appellant=s second issue fails to demonstrate
that his wife did not have a greater right of possession to the apartment than
appellant, such that his failure to depart after receiving her notice to do so
did not constitute criminal trespass. 
Therefore, appellant=s second issue is overruled.

Jury Argument








Appellant=s third issue challenges the trial
court=s refusal to allow closing argument
on his right of access to the apartment based on the marital and community
property relationship between the parties. 
For the reasons set forth in the preceding section, appellant=s wife had a greater right to
possession of the apartment regardless of any community property interest he
might have had in it.  Therefore, any
argument that a community property interest was relevant in the jury=s decision would have been an
incorrect statement of the law and contrary to the court=s charge, and the trial court did not
err in denying appellant=s request to so argue.[8]
Accordingly, appellant=s third issue is overruled, and the judgment of the trial
court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 5, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
convicted appellant, and the trial court sentenced him to 65 days in county
jail.  





[2]           To
whatever extent, if any, the confidential communication privilege set forth in
Texas Rule of Evidence 504(a) applies in a criminal case, appellant does not
appear to rely on it and has not identified any specific communication that
would meet the definition of a confidential communication under rule
504(a)(1).  Therefore, we confine our
review to the rule 504(b) privilege.





[3]           See,
e.g., Badgett v. State, 42 S.W.3d 136, 139 (Tex. Crim. App. 2001) (reciting
that statutes are to be construed, if at all possible, to give effect to all
parts so that none are construed as void or redundant).





[4]           See
House Comm. on Criminal Jurisprudence,
Bill Analysis, Tex. S.B. 128, 74th Leg., R.S. (1995).





[5]           A
person commits this offense if he enters or remains on the building or property
of another without effective consent and he had notice that entry was forbidden
or was told to depart and refused to do so. Tex.
Pen. Code Ann. ' 30.05 (Vernon Supp. 2004).





[6]           We
therefore do not address whether the wife=s
objection to testifying was sufficient to invoke any such privilege.





[7]           Langston
v. State, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993).





[8]           See,
e.g., Burke v. State, 652 S.W.2d 788, 790 (Tex. Crim. App. 1983) (noting
that an argument containing a statement of the law contrary to the court=s charge is error).