George E. HANCOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 34804.

Court of Criminal Appeals of Texas.

Oct. 24, 1962.

Rehearing Denied Dec. 5, 1962.

Second Rehearing Denied Jan. 16, 1963.

274

Foster, Lewis, Langley & Onion, by James C. Onion, and Frank Y. Hill, Jr., San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, John Flinn, Dist. Atty., Sinton, for the State.

DICE, Commissioner.

Appellant was charged by indictment duly presented in and to the 36th Judicial District Court of McMullen County with the offense of unlawfully entering upon the enclosed land of another and hunting with a firearm.

Trial was had in the county court of the county after transfer of the cause to that court by the district court, resulting in the conviction of appellant, with punishment assessed at a fine of $50.

The conviction is under the first count of the indictment, as drawn under the provisions of Sec. 1(a) of Art. 1377b, Vernon's Ann.P.C.

In said count it was alleged that on or about the 1st day of November, 1961, in McMullen County, Texas, the appellant

" * * * did then and there unlawfully enter upon the enclosed land there situated of another, to-wit, land under the control, care and management of Don A. Norton, who then and there had the said land in his actual care, control and management, without the consent of the said Don A. Norton, and the said George E. Hancock did then and there hunt with a firearm * * *."

The state's proof shows that on the date alleged the appellant was hunting deer from a stand on a ten-acre tract of land in McMullen County, which was owned by his cousin. The ten-acre tract was enclosed by a four wire fence and was within a 2,000-acre tract of land owned by the Naylor Ranch Co. The 2,000-acre tract, known as the "chain" pasture, was under lease to Naylor Morton, and under the care, control, and management of Don Norton, the ranch manager.

Norton testified that on the afternoon in question while he was riding in the 2,000-acre pasture he heard a rifle shot and that he proceeded to where he could see appellant, with a firearm, climbing out of his stand on the 10-acre tract; that he went to appellant and engaged him in conversation; that after talking to him he left and as he was riding away he saw a dead buck deer on the ground; that he rode away and in six or seven minutes he saw the appellant walking around, without a rifle, in the 2,000-acre pasture; that he (Norton) returned, and appellant stated: " 'I knew I hit him,' " and that he had wounded the deer on his tract. Norton testified that he then went to the deer, which was lying on the ground in the chain pasture 189 feet from the southeast corner of the 10-acre tract, and upon examination ascertained that it had been shot but one time, in the shoulder, and that its back was broken. He further stated that he found no evidence that the deer had come from the 10-acre tract, and expressed the opinion that the deer could not have moved from where it was shot. He further testified that he did not give appellant permission or consent to go upon the land and shoot a deer.

Sheriff Melvin Naylor testified that he examined the deer; that the bullet had gone through the back and had broken the backbone; and he expressed his opinion that it could not have moved after being shot.

Appellant, testifying in his own behalf, admitted shooting the deer but swore that he first shot the animal from his stand,

when it was inside the 10-acre tract, and that after it jumped the fence he fired another shot from the stand, which did not hit its mark. Appellant swore that he did not carry his rifle into the big pasture but left it at his stand before crossing over the fence. He further testified, and was supported by the testimony of a fellow hunter, that the deer's back was not broken by the shot and that it could have traveled after being shot.

Appellant insists that for various reasons the evidence is insufficient to support the conviction. It is first contended that the evidence fails to show that he entered upon the enclosed lands with a firearm. It is appellant's contention that in the absence of such proof the state failed to prove the mode, manner, and means by which it was charged the offense was committed.

While the proof does not show that appellant physically entered the enclosed lands with a firearm, it is sufficient to warrant the conclusion that he shot the deer in the enclosed 2,000-acre pasture from his stand in the 10-acre tract. His act of shooting into the 2,000-acre pasture with his rifle and killing the deer clearly constituted an entry and trespass, and entry upon the enclosed lands of another, and hunting with a firearm.

The word "enter" is defined by Webster's New International Dictionary, Second Edition (1960), as meaning:

"To go or come in, to a place or condition; to make or effect an entrance * * * To go in (upon lands) * * *. To come or go into; to pass into the interior of; to pass within the outer cover or shell of; penetrate; pierce * * * to cause to go (into), or to be received (into); to put in; to insert; to cause to be admitted * * *."

In the offense of burglary of a house, an entry may be committed by discharge of firearms into the house with intent to injure any person therein. Art. 1393, V.A.P.C.;

Jones v. State, Tex.Cr.App., 342 S.W.2d 585.

It is next contended that the state failed to prove that the ranch managed by Norton on or about November 1, 1961, was located in McMullen County and that it was the land described in the indictment. The contention is further made that the evidence is insufficient because the state failed to prove by competent evidence that Naylor Morton was the lessee of the land.

The record reflects that the ranch manager, Norton, testified that he had the care, control, and management of the ranch located in the "northwest section of the county" and that the area where the deer was found shot was in McMullen County. This testimony located the land as being in McMullen County and was sufficient to identify it as the land described in the indictment.

It is appellant's contention that because Naylor Morton testified he had the lands under lease but no lease was introduced in evidence, such evidence fails to prove that he was the lessee of the land by virtue of the provisions of Art. 1377b, Sec. 1(d), P. C., which provides that "Proof of ownership or lease of such enclosed lands shall be made as in trespass to try title suits."

Although no lease to Naylor Morton was introduced, the evidence shows that he and ranch manager Norton had prior possession of the enclosed lands, which was sufficient to create the presumption in a trespass-to-try-title suit that they had title to the land and the legal right to possession thereof. See 41–A, Tex.Jur., Trespass to Try Title, Sec. 30, page 545. It is also pointed out that the right to possession of the land by Morton and his ranch manager, Norton, was in no way disputed by appellant.

Appellant's last contention is that because the evidence shows he had the right to use the 10-acre tract and had the right of ingress and egress over the 2,000-acre tract of land he should have been prosecuted

under Sec. 2(a) of Art. 1377b, which prohibits such a person from entering or attempting to enter upon the surrounding land owned by another, without consent of the owner, proprietor, lessee, or person in charge, and to hunt or attempt to hunt with firearms.

While Sec. 1(a) applies to a person hunting on enclosed lands of another and Sec. 2(a) is applicable to persons who hunt or attempt to hunt upon land which wholly or partially surrounds land which they claim the right to use, both sections of the statute make it unlawful for a person to enter upon the described lands of another without the consent of the owner, proprietor, lessee, or person in charge, and to "Hunt or attempt to hunt with firearms * * *." Clearly, the state could elect under which section of the statute and for which offense growing out of the same transaction it would prosecute the appellant. Cagle v. State, 147 Tex.Cr.R. 354, 180 S.W. 2d 928, and Lewis v. State, Tex.Cr.App., 346 S.W.2d 608.

The evidence is sufficient to support appellant's conviction under Sec. 1(a) of Art. 1377b, supra, of unlawfully entering upon the enclosed lands of another and hunting with a firearm.

The judgment is affirmed.

Opinion approved by the court.

## ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant earnestly urges this Court to hold that a fatal variance exists between the allegation in the indictment that he "did then and there unlawfully enter upon the enclosed lands * * * and did then and there hunt with a firearm" and the proof that he did not physically enter but shot across said enclosed lands.

Reliance is had upon Tibbs v. State, Tex. Cr.App., 341 S.W.2d 932, and Fuller v. State, 120 Tex.Cr.R. 66, 48 S.W.2d 303. Reference should also be made to Fannin v. State, 168 Tex.Cr.R. 593, 331 S.W.2d 47.

In Tibbs (negligent homicide), the indictment alleged that the accused drove an automobile "into and against the said Gary Wilks," and we held this was not supported by proof that the automobile in which Wilks was riding drove into accused's automobile while it was standing still.

In Fuller (failure to stop and render aid), this Court held that where the statute provided two ways in which the offense might be committed proof that it was committed in a manner other than that charged in the indictment would constitute a variance.

In Fannin (aggravated assault with motor vehicle), we held that an information alleging that accused collided with Linda Hamilton could not be supported by proof that the automobile in which Linda Hamilton was riding ran into and struck the side of the automobile being driven by accused.

The above statement of the holdings, we have concluded, distinguishes them from the case at bar.

In our original opinion, we held that entry might be effected by shooting across the lands of another for the purpose of killing deer upon such land. With this conclusion, we remain in accord. This being so, the question before us here is not one of variance, but whether it was incumbent upon the State to have alleged the manner whereby entry was effected.

Since the offense was charged in the terms of the statute, it will be considered sufficient in the absence of a motion to quash, setting forth particularly that he was not informed from the same as to how he was alleged to have effected such an entry.

No such motion appears before us here.

Appellant's motion for rehearing is overruled.