**Redell ROGERS Alias Brown, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42884.**

Court of Criminal Appeals of Texas.

May 20, 1970.

Rehearing Denied July 8, 1970.

Redell Brown Rogers pro se.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Markowitz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is occupancy of a house without permission of the owner. Article 1553a, Vernon's Ann.P.C. (Acts 1967, 60th Leg., p. 772, Ch. 324, Sec. 1).

On May 21, 1969, the appellant waived her right to counsel, her right to trial by jury and entered her plea of not guilty before the court to the information. After trial the court found the appellant guilty and assessed her punishment at 20 days in the county jail and a fine of $100.00. At the time of sentencing appellant gave notice of appeal and is presently at large on a $2,500 appeal bond. There is no question of indigency. The entire record is before this Court.

The appellant, who represented herself at her trial, appeared before this Court and made an oral argument in her own behalf.

Article 1553a, Sec. 1, supra, provides as follows:

"Every person who shall obtain occupancy of any house, duplex, or apartment by means of fraud, trick, deception, false or fraudulent representations, statement or pretense *or who shall gain occupancy without permission of the owner* or his agent, or who shall give in payment for rental a worthless check or who shall stop payment on a check for rent then due and not in controversy shall be guilty of a misdemeanor and shall be fined not exceeding $200.00 or be imprisoned in the county jail not exceeding 30 days, or both." (emphasis supplied)

Omitting the formal parts, the information reads as follows:

" * * * that in said County of Harris and State of Texas, heretofore on or about the 14th day of January, A.D., 1969, Redell Rogers alias Brown did then and there unlawfully obtain occupancy of a house, to wit: 5501 Duoto, Houston, Harris County, Texas, without the permission of Bessie Messina, the owner of said house * * *."

The constitutionality of the statute is not challenged but in four grounds of error the appellant attacks the sufficiency of the evidence to sustain the conviction.

Mrs. Bessie Messina, widow of Charles Messina, testified she had owned the house at 5501 Duoto in Houston, Harris County, Texas for 10 or 11 years; that she had been renting the place but it was vacant in 1967 when the appellant broke the lock and moved in; that appellant informed her that she (the appellant) had a deed but would not show it; that "a vacate notice" through an attorney was sent appellant and she was put out; that the appellant broke into the house again and proceedings were instituted through an attorney and the appellant was again removed; that the appellant broke into the house again on or about January 14, 1969 (the date alleged in the information).

Mr. Joe Lipper, an attorney, testified he represented the Messinas for many years; that on December 27, 1951, the Messinas bought the home of James Edmond and his wife Mamie located at *5102* Duoto; that a $1950 note was given by the Edmonds to the Messinas "making a lien as part of the contract for the payment of that loan" which was secured by a deed of trust; that on December 6, 1955, a warranty deed from the Edmonds for two acres of land in

the S. McClelland Survey on which the house at 5102 Duoto was located was executed with the Messinas as grantees and reciting a cancellation of the 1951 note of $1950 unpaid at the time; that C. Messina then conveyed a life estate in the two acres to Mr. and Mrs. James W. Edmond; that subsequently Mrs. Mamie Edmond died (March 6, 1958) and still later (June 16, 1958) James Edmond, needing money, conveyed his life estate to Mr. C. Messina; that in 1967, while Mr. Messina was still alive he represented Mr. Messina in "a Justice of the Peace temporary hearing as to occupants on Duoto" wherein the appellant was the defendant and wherein a writ of possession was secured and the appellant was ordered to vacate; that on April 2, 1968, in similar proceedings he represented Mrs. Messina who "received possession of the premises"; that prior thereto Mr. Messina had died leaving all of his property to Mrs. Messina; that he had talked to the appellant and her attorneys at the Justice of the Peace hearings about the matter and that he understood she had gone back into possession of the property on January 14, 1969.

The various deeds all recorded as well as the duly recorded and probated will of Charles Messina were introduced. The property in the deeds is described by metes and bounds and street addresses are not used.

Jewel Edwards, who resided at 5502 Duoto, testified that 5501 Duoto was behind her property which was purchased from the Messinas; that when the appellant returned from California she (the appellant) asked her about the small house behind her property and was informed it belonged to the Messinas; that subsequently she had difficulties with the appellant who was also claiming her property; that since January 14, 1969, the appellant had been occupying 5501 Duoto.

After the State rested its case, the court explained to the appellant her right to call witnesses, her right to testify, and other

rights. After the appellant took the stand the court stated: "You may tell your side of this mess and introduce any papers whatsoever you want to do."

The appellant, who apparently claimed to be the wife of Horace Rogers, deceased, son of Mamie Rogers Edmond, introduced an affidavit of James W. Edmond dated December 13, 1951, and recorded on April 11, 1952, in which he stated that he was married to Mary Rogers on November 6, 1942; that she owned the 2 acres described in affidavits of Leroy Bland and Annie Marchell (not in the record) before their marriage and that the same was fully paid for at such time and he had no interest in "the two (2) acres described by metes and bounds in the Sam McClelland Survey."

The appellant also introduced the death certificate of Mamie C. Edmond showing the date of death as March 3, 1958, as well as a power of attorney from James W. Edmond to appellant, dated June 19, 1967, authorizing appellant to "handle, sell manager, or rent or improve" property recorded in Vol. 730, page 424 and Vol. 609, "also known as that property in the Sam McClelland Sub. Division as Track #22–48–and–49 all recorded on the origanal deed. In the name of Mary Rogers and Lizzie Dyer, Vol. 609, page 570."

A 1968 Harris County tax statement concerning "200AC, TRS 48, 49, ABST. 544, S. McClelland" mailed to Rogers Redell Brown at 5501 Duoto was introduced, on which appellant had signed a statement affirming that the property described was her homestead. The tax statement was marked paid. The death certificate of appellant's husband, Horace Rogers, was introduced reflecting the date of death as September 20, 1955, and his mother's maiden name as Mamie Clay.

Appellant testified that by virtue of the power of attorney she had the right to handle James Edmond's "life homestead."

■ It is difficult to tell from the record whether "Mamie Clay," "Mamie C.

Edmond," "Mamie Rogers Edmond" and "Mary Rogers" referred to the same person or not. And it is observed that Mr. Lipper referred to the property as 5102 Duoto while Mrs. Messina and other witnesses referred to the property as 5501 Duoto as alleged in the information. However, parol testimony of possession by the person alleged to be the owner is generally sufficient to prove ownership and right to possession by the person testifying. Zigler v. State, 172 Tex.Cr.R. 644, 362 S. W.2d 109; Hancock v. State, Tex.Cr.App., 363 S.W.2d 273.

The judge as the trier of the facts was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. Viewed in the light most favorable to the judgment, we conclude that the evidence is sufficient to sustain the conviction.

Grounds of error #1 through #4 are overruled.

The judgment is affirmed.