John B. Holmes, Jr., Harris Co. Dist. Atty., Carol Cameron, Asst. Harris Co. Dist. Atty., for appellant.

John Gascoigne, Houston, for appellee.

Before COHEN, DUGGAN and DYESS[1], JJ.

OPINION

COHEN, Justice.

The State appeals, contending the trial court wrongly dismissed its information alleging criminal trespass.[2]

The information alleged that appellee did "with notice that entry was forbidden, intentionally and knowingly enter and remain on property *owned by* TAMMY HEWETT, hereafter styled the Complainant, without the effective consent of the Complainant."

---

The STATE of Texas, Appellant,

v.

Curtis Eugene STALEY, Appellee.

No. 01–90–00477–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 8, 1991.

Rehearing Overruled Sept. 12, 1991.

Discretionary Review Refused Dec. 4, 1991.

---

1. The Honorable Arthur D. Dyess, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. Appellee argues we have no jurisdiction because the trial court did not dismiss the information, and because the State could have

amended to cure the defect, but chose not to. The trial court's order "dismissed" the cause, as requested in appellee's motion. We have jurisdiction under Tex.Code Crim.P.Ann. art. 44.-01(a)(1) (Vernon Supp.1991). Appellee's motion to dismiss is overruled.

(Emphasis added.) The trial court ruled the information failed to state an offense because it alleged appellant trespassed on property "owned by" the complainant, rather than property "of another," as required by statute.

To commit criminal trespass, one must enter the property *"of another."* TEX.PE-NAL CODE ANN. § 30.05(a) (Vernon 1989) (emphasis added). The information does not allege that appellee entered the property "of another."

The terms "owner" and "another" have different statutory definitions. An "owner" has title to property, possession of property, or a greater right to possession of property than the defendant. TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974). Thus, both appellee and the complainant could be owners simultaneously because both could have title or possession. "Another" means a person other than the defendant. TEX.PENAL CODE ANN. § 1.07(a)(4) (Vernon 1974). Appellee claims this information allows him to be convicted even if he owns the property jointly with the complainant, such as by cotenancy or as community property. This, he contends, does not require the State to prove that he trespassed on property of someone other than himself, as required by section 30.05(a).

Appellee relies on *Palmer v. State,* 764 S.W.2d 332 (Tex.App.—Houston [1st Dist.] 1988, no pet.), which reversed a criminal trespass conviction for insufficient evidence because the State "failed to prove that [the complainant] was the *only* person with *exclusive* right and ownership of the property...." *Id.* at 333 (emphasis added). Although it did not consider the sufficiency of the information, the *Palmer* court emphatically required the State to prove that the property trespassed upon was that "of another." It wrote:

> The Texas Penal Code, sec. 1.07 defines 'another' as meaning 'a person other than the actor.' Thus, the State had the burden of proving that appellant entered and remained on property other than her own. The State has not proved that appellant entered or remained on the property of another, as that term is defined in

the Texas Penal Code, because appellant's undivided interest in the property vested immediately upon the intestate death of her father.... A finding of 'greater right to possession' is not sufficient to support a conviction under the criminal trespass statute, as the legislature chose 'another' as the operative word, not 'owner,' as used in the burglary and theft statutes.

*Id.* at 334.

The *Palmer* information, like this one, alleged the defendant entered a building "owned by" the complainant. 764 S.W.2d at 333. Such language invites the type of error that occurred in *Palmer,* a conviction upon facts that do not constitute a crime.

The words "owned by," whether defined by statute or by common usage, do not mean the same thing as the statutory definition of "another." Property may be jointly owned by many people, including the complainant and the appellee, but the term "another" requires the State to prove that the appellee did not have title or a right to possession, and "[a] finding of 'greater right to possession' [in the complainant] is not sufficient to support a conviction...." *Palmer,* 764 S.W.2d at 334. In both statutory and common usage, "owned by" alleges a lesser burden of proof for the State than is required by the criminal trespass statute. We therefore hold that the information fails to state an offense under section 30.05 because it does not allege that appellee trespassed on the property "of another."

We are aware that one court has recently upheld a criminal trespass conviction because the complainant was "an owner" and thus had "a greater right to possession of the premises." *Davis v. State,* 799 S.W.2d 398, 400 (Tex.App.—El Paso 1990, pet. denied). The only authority cited in *Davis* for this holding was *Stanley v. State,* 631 S.W.2d 751 (Tex.Crim.App.1982), a burglary case decided under a different statute, one requiring proof that the victim was an "owner," not, as in a criminal trespass case, that the act occurred on property "of another." TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). This Court's opinion in

*Palmer* relied on this important difference between the burglary and the criminal trespass statutes. 764 S.W.2d at 334. Because we believe that *Stanley* does not support the holding in *Davis* and because *Davis* holds the opposite of our opinion in *Palmer,* we decline to follow *Davis.*

The State's point of error is overruled.

The judgment is affirmed.