Tim Curry, Criminal Dist. Atty., C. Chris Marshall, Steven W. Conder, Dan Young, Asst. Dist. Attys., Fort Worth, for appellant.

Daniel E. Hollifield, Fort Worth, for appellee.

Before ASHWORTH (Retired, Sitting by Assignment), HILL and FARRIS, JJ.

---

**The STATE of Texas, Appellant,**

v.

**Helen GARCIA, Appellee.**

**No. 2-92-009-CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 2, 1992.

Rehearing Denied Oct. 14, 1992.

Discretionary Review Granted
Jan. 27, 1993.

## OPINION

ASHWORTH, Justice (Retired).

The State appeals the granting of appellee's motion to quash the information.

Appellee was charged with the offense of criminal trespass as provided for by TEX.

---

PENAL CODE ANN. § 30.05(a)(1) (Vernon 1989). Such section provides in effect that one is guilty of criminal trespass if one enters or remains on property or in a building of another without effective consent and had notice that the entry was forbidden.

The information in question alleged appellee intentionally and knowingly entered on property without the effective consent of Misty Wright, the owner thereof, with notice that entry was forbidden.

Appellee moved to quash the information, contending the information failed to allege an element of the offense. The code provides for entry on the property of another. The information alleged entry on property of Misty Wright, the owner. On first impression it would appear that the information in question alleges a more specific offense than that required by the code. Here, it would be incumbent upon the State to prove that Misty Wright is the owner of the property subject to the trespass.

We find, however, that because of statutory definitions "the owner" is not more specific than "another." "Another" means a person other than the actor. TEX. PENAL CODE ANN. § 1.07(a)(4) (Vernon 1974). "Owner" means a person who has title to the property; possession of the property, whether lawful or not; or a greater right to possession of the property than the actor. TEX. PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974). Therefore under the allegation of entering on the property of the "owner," one could be convicted of entering on property in which he owned a partial interest. *See Palmer v. State*, 764 S.W.2d 332 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

The precise question presented in the instant case was considered in *State v. Staley*, 814 S.W.2d 534 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). There the information alleged entry on property owned by Tammy Hewett. The information was dismissed by the trial court because it failed to state an offense. The judgment of dismissal was affirmed, the court of appeals holding that the informa-

tion permitted proof of greater right of possession rather than proof that the actor did not have title or a right to possession. *Staley*, 814 S.W.2d at 535. Petition for discretionary review was refused by the Texas Court of Criminal Appeals.

We understand the argument and logic of the State in maintaining the information was proper. However, in view of the statutory definition of the words involved, the holding in *Staley* and the fact that discretionary review was refused, we hold the action of the trial judge in dismissing the information was proper.

Judgment affirmed.