**The STATE of Texas, Appellant,**

v.

**Virginia G. KINSEY, Appellee.**

**No. 2–92–106–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 20, 1992.

Discretionary Review Granted Jan. 27, 1993.

---

Tim Curry, Crim. Dist. Atty., and Steven W. Conder, Asst., Fort Worth, for State.

Daniel Hollifield, Fort Worth, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellee, Virginia G. Kinsey, was charged with the offense of criminal trespass, in violation of TEX.PENAL CODE ANN. § 30.05 (Vernon 1989). She timely filed a motion to quash the information on the ground that it failed to state an offense. The trial court granted appellee's motion. The State appeals from the granting of appellee's motion to quash the information.

We affirm.

The State's sole contention on appeal is that the information properly states the offense of criminal trespass because the language conveys the same meaning as the statute. When an offense is defined by statute, failure to allege all of the essential elements of the offense as defined in the statute renders the indictment ineffective in stating an offense. *Soto v. State*, 623 S.W.2d 938, 939 (Tex.Crim.App. [Panel Op.] 1981). Criminal trespass is defined by statute as:

A person commits an offense if he enters or remains on property or in a building of *another* without effective consent and he:

(1) had notice that the entry was forbidden; or

(2) received notice to depart but failed to do so.

TEX.PENAL CODE ANN. § 30.05(a) (emphasis added). Thus, the elements of criminal trespass which the State must allege are: "(1) a person (2) without effective consent (3) enters or remains on the property or in a building of *another* (4) knowingly or intentionally or recklessly (5) when he had notice that entry was forbidden or received notice to depart but failed to do so." *Day v. State*, 532 S.W.2d 302, 306 (Tex.Crim. App.1975) (emphasis added). The third element is the source of concern in this case. The State's information charges:

> VIRGINIA G KINSEY ... did HERE-TOFORE THEN AND THERE INTENTIONALLY AND KNOWINGLY, REMAIN ON PROPERTY, WITHOUT THE EFFECTIVE CONSENT OF NORMAN WHITLOCK, THE *OWNER* THEREOF, AND THE SAID DEFENDANT HAD RECEIVED NOTICE TO DEPART BUT FAILED TO DO SO.... [Emphasis added.]

Before trial, appellee excepted to and moved to set aside the information on the grounds that it fails to allege the defendant remained on property of *"another."* The trial court agreed with appellee that because of this failure, the indictment does not allege an offense under section 30.05.

■ On first impression, the information appears to sufficiently allege the third element of criminal trespass. It is not necessary to "strictly pursue" the words in the statute that defines the offense in a charging instrument. TEX.CODE CRIM.PROC. ANN. art. 21.17 (Vernon 1989). It is necessary for the substituted words to convey the same meaning or sense of the statutory words. *Id.; Chance v. State*, 563 S.W.2d 812, 815 (Tex.Crim.App.1978) (opinion on reh'g). The State contends that because the information alleges that Norman Whitlock is the owner, common sense dictates that he is a person other than appellee. However, the Court of Criminal Appeals has held that if statutory words have a technical meaning they cannot be substituted by other words. *Chance*, 563 S.W.2d at 815.

Following *Chance*, we observe that the statute quite plainly assigns different technical meanings to the words: *owner* and *another*. " 'Another' means a person other than the actor." TEX.PENAL CODE ANN. § 1.07(a)(4) (Vernon 1974). "Owner" is defined as a person who:

> (A) has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor; or

> (B) is a holder in due course of a negotiable instrument.

TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon Supp.1992). These words have different technical meanings so they do not convey the same meaning or sense of statutory words. We hold that they cannot be substituted for each other.

The reason for such a technical rule is well demonstrated in this case. This charge requires different proof for the third element of criminal trespass. Proving that appellee entered and remained on the complainant *owner's* property merely requires evidence that the complainant has lawful or unlawful title, possession, or a greater title to the property than the appellee. The State could convict appellee even if she has lesser title to the property. The State admits that appellee's only defensive claim under the third element of criminal trespass as this charge reads is that "Virginia Kinsey" is an alias for "Norman Whitlock." On the other hand, for the State to convict appellee of entering and remaining on *another's* property, she may not have any claim to the property. Appellee could assert a defensive theory that she has some form of title to the property: proving that she was not on *another's* property.

Our opinion directly follows *State v. Staley*, 814 S.W.2d 534 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). The information in *Staley*, charging criminal trespass, alleged that the defendant entered property *owned* by Tammy Hewett. *Id.* at 534. We agree with *Staley* that the statutory definition of *owner* requires a lesser burden of proof for the State than is required by the criminal trespass statute. *Id.* at 535.

The State argues that this holding erroneously requires it to rebut defensive theories. We disagree. At the pretrial stage in a criminal proceeding trial courts cannot be expected to accurately speculate as to what defensive theories will be posed. Nevertheless, a defendant's ability to pose applicable defensive theories should be protected. When an information requires a lesser burden of proof than the statute, then the defendant's ability to raise all applicable defensive theories is not protected. By requiring the State to charge appellee with the technical meaning of criminal trespass, we are not requiring it to rebut all defensive theories. We are merely protecting appellee's ability to pose them.

Because the information does not allege that appellee trespassed on the property of another, we hold that it fails to state an offense under section 30.05 and uphold the trial court's dismissal. Judgment affirmed.