**The STATE of Texas, Appellant,**

v.

**Helen GARCIA, Appellee.**

**No. 1603–92.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 15, 1993.

thereof," rather than the precise statutory term of "another," does not sufficiently state the offense of criminal trespass.[1]

 For the reasons stated in *State v. Kinsey*, 861 S.W.2d 383 (Tex.Cr.App., this day delivered), we reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings consistent with our opinion in *Kinsey v. State*, supra.

CLINTON, J., concurs for reasons stated in his concurrence in *State v. Kinsey*, 861 S.W.2d 383 (Tex.Cr.App., 1993).

MEYERS, J., not participating.

Daniel E. Hollifield, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Betty Marshall, Charles M. Mallin and Steven W. Conder, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

Appellee was charged by information with criminal trespass. See V.T.C.A., Penal Code, Section 30.05(a)(1). Appellee filed a motion to quash the information on the ground that it failed to state an offense under the Penal Code. The trial court granted appellee's motion and ordered the information set aside. On direct appeal, the Fort Worth Court of Appeals affirmed the dismissal of the information. *State v. Garcia*, 838 S.W.2d 830 (Tex.App.—Fort Worth 1992). We granted the State's petition for review to determine whether the Court of Appeals correctly held that an allegation of a specific complainant and the term "owner

---

1. Since this ground is dispositive of the case, we need not reach the merits of the State's second and third grounds for review. The State's fourth ground for review, that the Court of Appeals erred by improperly placing precedential value upon the refusal of discretionary review in *State v. Staley*, 814 S.W.2d 534 (Tex.App.—Houston [1st] 1991, pet. ref.), is correct. It is well settled that refusal of a petition for discretionary review by this Court has no precedential value. *Sheffield v. State*, 650 S.W.2d 813, 814 (Tex.Cr.App. 1983).