The STATE of Texas, Appellant,

v.

Virginia G. KINSEY, Appellee.

No. 1564–92.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 15, 1993.

Daniel E. Hollifield, Fort Worth, for appellee.

Tim Curry, Dist. Atty., and Betty Marshall, Charles M. Mallin and Steven W. Conder, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellee was charged by information with criminal trespass. See V.T.C.A., Penal Code, Section 30.05(a)(2). Appellee filed a motion to quash the information on the ground that it failed to state an offense under the Penal Code. The trial court granted appellee's motion and ordered the information set aside. On direct appeal, the Fort Worth Court of Appeals affirmed the dismissal of the information. *State v. Kinsey*, 839 S.W.2d 168 (Tex.App.—Fort Worth 1992). We granted the State's petition to review whether the Court of Appeals correctly held that an allegation of a specific complainant and the term "owner thereof," rather than the precise statutory term of "another," does not sufficiently

state the offense of criminal trespass. We will reverse the judgment of the Court of Appeals.

The relevant portion of the information in this case alleged that the appellee:

"... on or about the 28th day of January 1991, did heretofore then and there intentionally and knowingly remain on the property, without the effective consent of *Norman Whitlock, the owner thereof,* and the said defendant had notice to depart but failed to do so." (Emphasis added).

V.T.C.A., Penal Code, Section 30.05(a)(2), defines "criminal trespass" as:

"A person commits an offense if he enters or remains on property or in a building *of another* without effective consent and he received notice to depart but failed to do so." (Emphasis added).

The trial court found that by substituting the phrase "Norman Whitlock, the owner thereof" for the phrase "of another," the information failed to state the offense of criminal trespass and quashed the information. The Court of Appeals determined that the trial court acted properly, relying on a similar holding by the Houston Court of Appeals. *State v. Staley,* 814 S.W.2d 534 (Tex.App.—Houston [1st] 1991, pet. ref'd). This Court has not yet ruled on this question, and there is conflicting case law on the specific question as to whether such a substitution in a charging instrument will render the instrument insufficient to state an offense.

■ Appellee argues that by not alleging that the trespass was on the property "of another," the allegation failed because it omitted an element of the offense, and the information did not plead in other words that carry the same meaning. Appellee contends that, if statutory words have a technical meaning, they cannot be replaced by other words. See *Chance v. State,* 563 S.W.2d 812, 815 (Tex.Cr.App.1978) (opinion on reh'g). Appellee is correct, and this was explicitly stated in *Chance,* but the rule was restricted by accompanying dicta, allowing that if the words equivalent to the "common everyday usage" of the technical term were equivalent to the technical definition found in the Penal Code, substitution would be allowed. See *Chance,* 563 S.W.2d at 815–16. *Chance*

clearly states that "it is not necessary to use the exact language of the statute, ... but ... the substituted words must convey the same meaning or include the sense of the statutory word." *Id.* See also Article 21.17, V.A.C.C.P.

■ The statutory term "another" is defined at V.T.C.A., Penal Code, Section 1.07(a)(4), as "a person other than the actor." Webster's New Collegiate Dictionary (1981) defines "another" as "different or distinct from the one first considered." Clearly, the statutory definition of the term "another" is *equivalent,* that is, "like in signification or import," to the common, everyday usage of that term. Therefore, a substitution of terms that conveys the same meaning will be allowed.

■ In comparing the term "of another" with the phrase "Norman Whitlock, the owner thereof," common sense dictates that the latter is merely descriptive of the former. Therefore, the substituted phrase "Norman Whitlock, the owner thereof" "convey[s] the same meaning or include[s] the sense of the statutory word," "another." This conclusion squares with the holding of the Dallas Court of Appeals in *Proctor v. State,* 767 S.W.2d 473 (Tex.App.—Dallas 1989, no pet.). In *Proctor,* the Court of Appeals held that the indictment sufficiently alleged the elements of the offense of unauthorized use of a vehicle, even though it did not explicitly allege that the vehicle was "another's," where it alleged that defendant's use was without effective consent of the person described as the "owner thereof." *Procter,* 767 S.W.2d at 476.

■ Appellee argued and the Court of Appeals held that the information in this case would allow the State to convict appellee on lesser proof than is statutorily allowed. The Court of Appeals analyzed the statutory definition of "owner," which encompasses the meaning of having a "greater right to possession of the property than the actor." Applying this definition, the Court of Appeals reasoned that, on the information filed, the State might be able to convict appellee even if she had lesser title to the property, which they would not be able to do if the information

had pled "of another." *Kinsey,* 839 S.W.2d at 170. This Court has specifically reserved the question of whether a defendant can trespass on property to which they have lesser title to than a complainant. *Langston v. State,* 855 S.W.2d 718 (Tex.Cr.App.1993). Since that is not the question before us for review today, we will not decide it.

In *Langston,* another criminal trespass case, the information charged that appellant:

"... did then and there unlawfully, intentionally and knowingly enter and, after receiving notice to depart, remain ON PROPERTY *owned by KAREN JONES,* hereinafter styled the Complainant, without the effective consent of the Complainant." (Emphasis added).

This Court affirmed the Houston Court of Appeals' decision that the evidence was insufficient to support appellant's conviction. The Court held that since the State had pled that the property was owned by Complainant, even though ownership was not an element of criminal trespass, the State assumed the burden of proving it.[1] Indeed, this Court went even further, stating that pleading that the Complainant was the owner of the property was an "unnecessarily specific allegation." Requiring the State to prove this specific allegation increases the prosecution's burden of proof, rather than decreasing it. Appellee's argument that pleading "Norman Whitlock, the owner thereof" lessens the State's burden of proof therefore fails.

1. We note the State is not required to negate in its pleadings a defense. See V.T.C.A., Penal Code, Sections 2.03(b) and 2.04(b).

2. Since this ground is dispositive of the case, we need not reach the merits of the State's second and third grounds for review.

1. The pleader in this cause, as well as in *Langston* and other cases cited below, appears to have drawn the respective charging instruments from the form suggested in 2 Texas Annotated Penal Statutes (Branch's 3d Edition) § 30.05, at 387, *viz:*
   "did then and there knowingly and intentionally enter and remain on property, without the effective consent of (name) the owner, the said (defendant's name) having received notice to depart but failing to do so."
   Note also that the suggested charge would inform the jury that a person commits an offense

We hold that the information in this case sufficiently states the offense of criminal trespass, and we reverse the Court of Appeals and remand this cause to the trial court for further proceedings consistent with this opinion.[2]

MEYERS, J., not participating.

CLINTON, Judge, concurring.

Once again the State, through its local district attorney, having gratuitously deviated from the explicit definition of an offense prescribed by the State, through its Legislative Department, seeks remedial exoneration from the State, through its Judicial Department. See *Langston & Sjodin v. State,* 855 S.W.2d 718 (Tex.Cr.App.1993).[1] This time we will accommodate the State.

The gist of "criminal trespass" is entering or remaining on *"property of another"* without "effective consent." V.T.C.A. Penal Code, § 30.05(a).[2]

The term "another" is indeed defined as "a person other than the actor," *id.,* § 1.07(a)(4); yet, the majority reads certain dicta in *Chance v. State,* 563 S.W.2d 812, at 815–816 (Tex.Cr.App.1978), to permit the scrivener to use "equivalent" words that convey "the same meaning or include the sense of the statutory word(s)," slip opinion at 2; Article 21.17, V.A.C.C.P. It seems to me, however, that merely knowing the meaning of "another" is not adequate illumination to provide sufficient enlightenment and clear

if, without effective consent, he enters or remains on property of another and he received notice to depart but failed to do so. *Ibid.* The application paragraph, however, is framed in terms almost identical to those alleged in the charging instrument, except it does not require the jury to find the named complainant is "the owner." *Id.,* at 388.

See also: *Palmer v. State,* 764 S.W.2d 332, at 333 (Tex.App.—Houston [1st] 1988), no PDR; *Davis v. State,* 799 S.W.2d 398, at 400 (Tex.App.—El Paso 1990), PDR refused; *State v. Staley,* 814 S.W.2d 534, at 535 (Tex.App.—Houston [1st] 1991), PDR refused; *Vanderburg v. State,* 843 S.W.2d 286, at 287–288 (Tex.App.—Houston [1st] 1992), no PDR.

2. All emphasis throughout this opinion is mine unless otherwise indicated.

understanding of the complete statutory term at issue: *"property of* another."

We are informed that the present statute is "a restatement of art. 1377c [Penal Code 1925, as amended in 1971] in terms that fit the structure of the Penal Code." Practice Commentary—1973. That is to say, the Legislature desired to dress old law in new garb.

The former statutes and earlier cases obviously presuppose that "property of another" contemplates "ownership" in the sense of "belonging to," "possessed by" or "held by" some person other than the alleged trespasser who is bereft of any such "ownership."

Former article 1377c was the first *general* proscription of criminal trespass; earlier statutes denounced more particular invasions. All were couched in similar terms, however. Common denominators were "the land [or enclosed lands] of another" and lack of consent from "another," variously identified as "the owner, or some person exercising possession for the owner," or "the owner, proprietor or agent in charge thereof." See former article 1377c; article 1377 (Penal Code 1925), and its predecessors; see, e.g., *Hancock v. State,* 363 S.W.2d 273, at 275 (Tex.Cr.App.1962); *Zigler v. State,* 172 Tex. Crim. 644, 362 S.W.2d 109, at 110–111 (1962); *Haltzgraft v. State,* 23 Tex.App. 404, 5 S.W. 117 (1887) (enclosed and posted land of another; must allege lack of consent by owner, *et cetera* ); see also *Langston v. State,* supra, 855 S.W.2d at 722, n. 1 (Clinton, J., concurring) (statutory phrase used in sense of "owning" such real property).

Furthermore, at all relevant times the applicable code of criminal procedure provided that in describing real property, as pertinent here, "the name of the owner, occupant or claimant thereof" shall be sufficient. Article 21.09, V.A.C.C.P. See and compare *Franks v. State,* 688 S.W.2d 502 (Tex.Cr.App.1985) (applies to real estate alleged *qua* object of offense).

Unlike *Langston v. State,* supra, here we confront simply a charging instrument that the courts below found failed to state an offense under § 30.05(a)(2). That subsection requires "notice to depart" and failing to do so. Under subsection (b)(2)(A) "notice" means "an oral or written communication by the *owner* or someone with apparent authority to act for the *owner.*"

In keeping with the intendment of the term "property of another" in § 30.05(a) combined with the prescription of a sufficient description of real property in Article 21.09, V.A.C.C.P., in my judgment the information may be reasonably and fairly read to allege that appellee remained on the property of Norman Whitlock ("another"), the owner thereof. Thus the information states an offense, regardless of what the proof may be shown with respect to "ownership" of the respective parties. See, e.g., *Palmer v. State,* supra, at 334–335; *State v. Staley,* supra, at 535.

For these reasons founded in law, rather than what emphemeral notions of "common sense" may or may not dictate, I too would reverse the judgment of the court of appeals and remand the cause to the trial court.

