TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00528-CR






Michael Gutierrez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0990146, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Michael Gutierrez appeals from his conviction for retaliation. See Tex. Penal Code
Ann. § 36.06 (West Supp. 2000). After a bench trial, the court found him guilty and sentenced
him to six years' confinement in the Texas Department of Criminal Justice--Institutional Division. 
We will affirm the judgment.


Factual and Procedural Background



 On December 7, 1998, complainant Norma Gonzales, appellant's former girlfriend,
was awakened early in the morning because appellant was banging at her front door and bedroom
window. Appellant threatened to beat up her new boyfriend, Alberto Montoya, who was at her
residence. He then threatened to kill both Gonzales and Montoya. After appellant left, Gonzales
discovered several items missing from her automobile, called the police, and made a complaint. 
Later that morning, she heard a loud crash, looked out the window, and saw appellant breaking
the windows of her automobile and Montoya's automobile as well. She called the police and
waited outside with Montoya for the police to return. As they waited, appellant drove up and
taunted Montoya. When Montoya approached appellant, he left. The next morning, appellant
called Gonzales. She testified that appellant threatened to kill her if she pressed charges. A short
while later, appellant called and again threatened to kill her if she pressed charges.

 Appellant testified that he was asleep with his girlfriend at her house throughout
the evening in question and never went to Gonzales's residence. He said he went to his job as a
roofer the next morning and had no access to a phone at the time Gonzales said he called her.

 Appellant was charged by indictment with the offense of retaliation. Appellant
waived his right to trial by jury and was tried before the court. The indictment alleged, in
pertinent part, that appellant threatened to harm Gonzales "in retaliation for and on account of the
service of the said Norma Gonzales as a witness who had reported the occurrence of a crime." 
In his only point of error, appellant contends that the evidence is legally insufficient to prove that
he committed the offense because the State failed to prove that complainant was a witness, an
element of the offense.


The Offense of Retaliation



 Appellant contends that the evidence is legally insufficient to prove beyond a
reasonable doubt that he committed the offense as alleged in the indictment because the State failed
to prove that Gonzales was a witness. The offense of retaliation applicable to this case occurs
when:


(a) A person . . . intentionally or knowingly harms or threatens to harm another
by an unlawful act:


 (1) in retaliation for or on account of the service or status of another as a:


 (A) public servant, witness, prospective witness, or informant; or


 (B) person who has reported or who the actor knows intends to report
the occurrence of a crime . . . .



Tex. Penal Code Ann. § 36.06(a)(1) (West Supp. 2000). Appellant argues that a witness must
be a person who has testified in an official proceeding, relying on Jones v. State, 628 S.W.2d 51,
55 (Tex. Crim. App. 1980). Because Gonzales did not testify at an official proceeding, he argues
that the State has failed to prove a necessary element of the offense.

 The term "witness" is not defined by statute. Jones held that "witness" meant one
who had testified in an official proceeding. See Jones, 628 S.W.2d at 55. The version of the
statute in effect at the time protected only three categories of victims: a "public servant," a
"witness," and an "informant." See id. at 254. The victim in Jones had been involved in an
altercation with an estranged spouse who threatened her for reporting him to the police. She had
not testified against him in any judicial proceeding before the threat. See id. at 53. The
indictment simply referred to her as a witness. See id. at 55.

 Section 36.06 was amended after Jones to add categories for "prospective witness"
and "person who has reported the occurrence of a crime." In Morrow v. State, 862 S.W.2d 612,
615 (Tex. Crim. App. 1993), the court, while trying to define "prospective witness," (1) discussed
the policy behind the retaliation statute as being to encourage a certain class of citizens to perform
vital public duties without fear of retribution. See id. at 615. Among those duties are reporting
criminal activities, testifying in official proceedings, or cooperating with the government in a
criminal investigation. See id. The court noted that the statute created several distinct categories
of persons protected, even though there was some overlap. The court said that, after reviewing
the distinct categories of persons protected, it concluded that the legislature attempted to account
for every category of person who might possess information regarding criminal activity which
may lead to the apprehension of a criminal offender. See id. The court then said: "We can
conceive of no existing gap in the persons protected under section 36.06." Id.

 "Words used in a statute to define an offense need not be strictly pursued in the
indictment; it is sufficient to use other words conveying the same meaning, or which include the
sense of the statutory words." See Tex. Code Crim. Proc. Ann. art 21.17 (West 1989). In State
v. Kinsey, 861 S.W.2d 383, 384 (Tex. Crim. App. 1993), the trial court quashed an information
because the prosecutor substituted more specific terms for the statutory wording which read: "A
person commits an offense if he enters or remains on property or in a building of another without
effective consent and he received notice to depart but failed to do so." See id. at 384. The State
substituted "Norman Whitlock, the owner thereof" for the statutory word "another." The court
stated that in comparing the term "of another" with the phrase "Norman Whitlock, the owner
thereof," common sense dictated that the latter was merely descriptive of the former. See id. The
court also noted that the substitution increased, not decreased, the State's burden of proof. See
id. at 384-85.

 In this case, the indictment substituted "witness who had reported a crime" for
"person who had reported a crime." Tex. Penal Code Ann. § 36.06 (a)(1)(B). The State did not
use the term "witness" in isolation as occurred in Jones. In this case, to attempt artificially to
separate and define the word "witness" apart from the rest of the clause "who has reported a
crime" does not serve to advance the purpose of the statute of protecting every category of person
who might possess information regarding criminal activity which may lead to the apprehension
of a criminal offender. See Morrow, 862 S.W.2d at 615. Further, the statute applicable to this
case has changed. The construction of "witness" in Jones focused in part on the practice
commentary's concern that any definition of "witness" not limited to a person testifying at an
official proceeding would be overly vague and would not be consistent with the offense's location
in the particular chapter of the Penal Code in which it was located. See Jones, 628 S.W.2d at
245. Jones also found the use of the word "service" significant because a person who saw a
crime might not ever render service as a witness. See id. The current version of the statute now
includes "status" as a witness and includes the class of persons who might witness and report a
crime without ever serving as a witness in an official proceeding. It is undisputed that Gonzales
is a person who reported a crime, which brings her into this category.

 Accordingly, we overrule appellant's only point of error and affirm the trial court
judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 27, 2000

Do Not Publish

1. A prospective witness could not be someone who had testified at a judicial proceeding. 
Therefore the court could not simply use the Jones definition of "witness" without considering
the effect of the word "prospective."


 spouse who threatened her for reporting him to the police. She had
not testified against him in any judicial proceeding before the threat. See id. at 53. The
indictment simply referred to her as a witness. See id. at 55.

 Section 36.06 was amended after Jones to add categories for "prospective witness"
and "person who has reported the occurrence of a crime." In Morrow v. State, 862 S.W.2d 612,
615 (Tex. Crim. App. 1993), the court, while trying to define "prospective witness," (1) discussed
the policy behind the retaliation statute as being to encourage a certain class of citizens to perform
vital public duties without fear of retribution. See id. at 615. Among those duties are reporting
criminal activities, testifying in official proceedings, or cooperating with the government in a
criminal investigation. See id. The court noted that the statute created several distinct categories
of persons protected, even though there was some overlap. The court said that, after reviewing
the distinct categories of persons protected, it concluded that the legislature attempted to account
for every category of person who might possess information regarding criminal activity which
may lead to the apprehension of a criminal offender. See id. The court then said: "We can
conceive of no existing gap in the persons protected under section 36.06." Id.

 "Words used in a statute to define an offense need not be strictly pursued in the
indictment; it is sufficient to use other words conveying the same meaning, or which include the
sense of the statutory words." See Tex. Code Crim. Proc. Ann. art 21.17 (West 1989). In State
v. Kinsey, 861 S.W.2d 383, 384 (Tex. Crim. App. 1993), the trial court quashed an information
because the prosecutor substituted more specific terms for the statutory wording which read: "A
person commits an offense if he enters or remains on property or in a building of another without
effective consent and he received notice to depart but failed to do so." See id. at 384. The State
substituted "Norman Whitlock, the owner thereof" for the statutory word "another." The court
stated that in comparing the term "of another" with the phrase "Norman Whitlock, the owner
thereof," common sense dictated that the latter was merely descriptive of the former. See id. The
court also noted that the substitution increased, not decreased, the State's burden of proof. See
id. at 384-85.

 In this case, the indictment substituted "witness who had reported a crime" for
"person who had reported a crime." Tex. Penal Code Ann. § 36.06 (a)(1)(B). The State did not
use the term "witness" in isolation as occurred in Jones. In this case, to attempt artificially to
separate and define the word "witness" apart from the rest of the clause "who has reported a
crime" does not serve to advance the purpose of the statute of protecting every category of person
who might possess information regarding criminal activity which may lead to the apprehension
of a criminal offender. See Morrow, 862 S.W.2d at 615. Further, the statute applicable to this
case has changed. The construction of "witness" in Jones focused in part on the practice
commentary's concern that any definition of "witness" not limited to a person testifying at an
official proceeding would be overly vague and would not be consistent with the offense's location
in the particular chapter of the Penal Code in which it was located. See Jones, 628 S.W.2d at
245. Jones also found the use of the word "service" significant because a person who saw a
crime might not ever render service as a witness. See id. The current version of the statute now
includes "status" as a witness and includes the class of persons who might witness and report a
crime without ever serving as a witness in an official proceeding. It is undisputed that Gonzales
is a person who reported a crime, which brings her into this category.

 Accordingly, we overrule appellant's only point of error and affirm the trial court
judgment.