Adekunle ADEGBENRO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00419–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 4, 2001.

Rehearing Overruled Feb. 22, 2001.

Paul Mewis, Houston, for Appellant.

John B. Holmes, William Delmore, III, Houston, for State.

Panel consists of Justices COHEN, TAFT, and PRICE.[1]

### OPINION

COHEN, Justice.

We withdraw our previous order to consider this appeal without the reporter's record. Appellant entered a negotiated guilty plea to commercial bribery, and the trial judge assessed punishment at one year in state jail. We affirm.

In appellant's sole point of error, he contends the trial judge erred by refusing to quash the indictment because it failed to state an offense. Specifically, appellant contends the indictment tracked a former commercial bribery statute rather than the current statute, which applied to appellant. The statute governing this case provides:

§ 32.43. Commercial Bribery

(b) A person who is a fiduciary commits an offense if, without the consent of his beneficiary, he intentionally or knowingly solicits, accepts, or agrees to accept any benefit from another person on *agreement or understanding* that the benefit will influence the conduct of the fiduciary in relation to the affairs of his beneficiary.

(c) A person commits an offense if he *offers, confers, or agrees to confer any benefit* the acceptance of which is an offense under Subsection (b).

TEX.PENAL CODE ANN. § 32.43(b), (c) (Vernon 1994) (emphasis added).

The previous statute provided:

§ 32.43. Commercial Bribery (before 1983)

(b) A person who is a fiduciary commits an offense if he intentionally or knowingly solicits, accepts, or agrees

to accept any benefit as *consideration* for:

(1) violating a duty to a beneficiary; or

(2) otherwise causing harm to a beneficiary by act or omission.

(c) A person commits an offense if he offers, confers, or agrees to confer any benefit the acceptance of which is an offense under Subsection (b) of this section.

Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex.Gen.Laws 883, 940 *amended by* Act of May 26, 1983, 68th Leg., R.S., ch. 357, § 1, 1983 Tex.Gen. Laws 1942, 1942–43 *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3651.

■ Appellant notes that the current version of section 32.43(b) replaces the term "consideration" with the terms "agreement or understanding." Thus, appellant contends the indictment did not allege the "agreement or understanding" element of commercial bribery from the current statute because it used the term "consideration" from the former statute.

The indictment alleged that on or about September 4, 1997,

[Appellant] ... did then and there unlawfully,, [sic] intentionally and knowingly *offer, confer and agree to confer a benefit*, namely money, to Earline Pickney, a fiduciary, namely an employee of Nations Bank, a beneficiary, the purpose of the benefit being *consideration* for the fiduciary to cause harm to and to influence the conduct of the fiduciary in relationship to the affairs of Nations Bank, a corporation, namely to provide to the Defendant information regarding bank accounts at Nations Bank, which were not in the name of the Defendant nor the property of the Defendant, which

---

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

would allow the Defendant to move money from one account to another account and to take money from the accounts and acceptance of the benefit by Earline Pickney, a fiduciary, was without the knowledge and effective consent of the beneficiary, namely, Nations Bank, a corporation.

The indictment alleged an offense under section 32.43(c) by alleging appellant did *"offer, confer and agree to confer a benefit* . . . ." He was not indicted under 32.43(b) for receiving a benefit. Because appellant's crime under 32.43(c) was complete upon the making of the offer, the State did not have to allege there was an "agreement or understanding" that the fiduciary would commit the offense. Moreover, use of the term "consideration" in the context of the criminal bribery case implies the existence of "an illegal contract," which is the same thing as the "agreement or understanding" mentioned in section 32.43(b). *See McCallum v. State,* 686 S.W.2d 132, 135–36 (Tex.Crim. App.1985). "It is not necessary to use the exact language of the statute" in an indictment, so long as the "substituted words . . . convey the same meaning or include the sense of the statutory word." *State v. Kinsey,* 861 S.W.2d 383, 384 (Tex.Crim. App.1993); *Chance v. State,* 563 S.W.2d 812, 815 (Tex.Crim.App.1978); TEX.CODE CRIM.P.ANN. art 21.17 (Vernon 1989).

We overrule appellant's sole point of error.

We affirm the judgment.