Affirmed and Memorandum Opinion filed March 16, 2004









Affirmed and Memorandum Opinion filed March 16, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00635-CR

_______________

 

HARVEY HERMAN HACKBARTH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________________

 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 893,236

_____________________________________________________

 

M E M O R A N D U M  
O P I N I O N

Appellant,
Harvey Herman Hackbarth, appeals a conviction for making a terroristic
threat.  In two issues, he contends the
trial court erred in denying his motion to dismiss the indictment on the
grounds that (1) the State failed to allege an offense cognizable under Texas
law, and (2) the State did not provide fair notice of the offense charged.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4. 

Discussion








Before
pleading guilty to the offense of making a terroristic threat, appellant filed
a motion to dismiss the indictment.  The
trial court denied the motion and certified appellant=s right to appeal this issue.  See Tex.
R. App. P. 25.2(a)(2)(A).  

Under
the Penal Code, a person commits a crime if he Athreatens to commit any offense
involving violence to any person or property with intent to . . . cause
impairment or interruption of . . . [a] public service.@ 
Tex. Pen. Code Ann. ' 22.07 (Vernon Supp. 2004).  In its indictment, the State alleged that
appellant did 

unlawfully
threaten to commit an offense involving violence, namely a bombing upon Cy Fair
Volunteer Fire Department Station Number 6 with the intent to cause impairment
and interruption of a public service facility; namely, Cy Fair Volunteer Fire
Department Station Number 6.

 

An
indictment must contain the elements of the offense charged, fairly inform the
defendant of charges he must prepare to meet and enable the defendant to plead
acquittal or conviction in bar to future prosecution for the same offense.  Tex.
Code Crim. Proc. Ann. art. 21.11 (Vernon 1989); Sanchez v. State,
928 S.W.2d 255, 259 (Tex. App.CHouston [14th Dist.] 1996, no pet.).  A motion to quash should be granted only when
the language in an indictment is so vague or indefinite that it denies the
defendant effective notice of the crime with which he is charged.  Daniels v. State, 754 S.W.2d 214, 217
(Tex. Crim. App. 1988). 








In his
first issue, appellant claims that the State failed to allege an offense
because of the statement in the indictment that appellant intended to cause
interruption of a Apublic service facility,@ and not a public service.  However, an indictment need not use the exact
statutory language, as long as the substituted words convey the same meaning or
include the sense of the statutory word. 
State v. Kinsey, 861 S.W.2d 383, 384 (Tex. Crim. App. 1993); see
Tex. Code Crim. Proc. Ann.
art. 21.17 (Vernon 1989).  To determine
whether an indictment is sufficient, we must read it as a whole and ascertain
whether the meaning of the offense is the same. 
See Williams v. State, 848 S.W.2d 777, 780 (Tex. App.CHouston [14th Dist.] 1993, no
pet.).  In this case, appellant was
charged with threatening to commit a bombing on a volunteer fire department
station with intent to cause impairment and interruption of that fire
department.  Reading the indictment as a
whole, the State sufficiently alleges the offense of making a terroristic
threat because the substituted phrase, Apublic service facility@ has the same connotation as the
statutory phrase Apublic service.@ 
See Kinsey, 861 S.W.2d at 384. 
We overrule appellant=s first issue. 

In his
second issue, appellant claims he did not receive fair notice of the offense
charged because the specific words of his threat were not in the
indictment.  Although the State must
allege facts sufficient to give a defendant notice of the charge, the evidence
on which the State bases an indictment need not be included unless it is
essential to give a defendant notice.  Livingston
v. State, 739 S.W.2d 311, 321 (Tex. Crim. App. 1987).  In a terroristic threat case, if the
indictment includes all the elements of the offense, the actual words used to
make the threat are evidentiary in nature and are not required to give the
defendant notice.  George v. State,
841 S.W.2d 544, 548 (Tex. App.CHouston [1st Dist.] 1992), aff=d, 890 S.W.2d 73 (Tex. Crim. App. 1994).  In this case, the State alleged appellant
threatened to a bomb a public service facility. 
Because this information is sufficient to give appellant notice of the
charge, the trial court properly overruled appellant=s motion to dismiss the
indictment.  The specific words he used
to make the threat are only evidentiary and not required in the
indictment.  See id.  Accordingly, we overrule appellant=s second issue.      

The
judgment of the trial court is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed March 16, 2004.

Panel consists of Justices Fowler, Edelman,
and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).